1  JESSICA L. FRY, Oregon State Bar No. 076018, Pending Admission *Pro Hac Vice*
   jessicaf@lawfoundation.org
2  KERSTIN ARUSHA, State Bar No. 182624
   kerstina@lawfoundation.org
3  LAW FOUNDATION OF SILICON VALLEY
   111 West Saint John Street, #315
4  San Jose, CA 95113
   Telephone:   (408) 280-2458
5  Facsimile:   (408) 293-0106

6  Attorneys for Plaintiff
   DOMINIC CONCETTI

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                 SAN JOSE DIVISION

11

12  DOMINIC CONCETTI by his Guardian          Case No.
    Ad Litem, SHARON FRASER,
13                                            C07 05410
                                                      JW
                Plaintiff,
14                                            **COMPLAINT FOR (1)
                                              VIOLATIONS OF THE FEDERAL
         v.                                   TRUTH IN LENDING ACT; (2)
15                                            VIOLATIONS OF THE FEDERAL
                                              REAL ESTATE SETTLEMENT
16  IMPAC FUNDING CORORATION, a               PROCEDURES ACT; (3) FRAUD;
    California corporation, dba IMPAC;        (4) BREACH OF FIDUCIARY
17  UNIVERSAL MORTGAGE AND                    DUTY; (5) VIOLATIONS OF
    SALES, INC., a California corporation;    CALIFORNIA BUSINESS &
18  RAYMOND FLORES, an individual; and        PROFESSIONS CODE § 17200 ET
    ERIK S. GONZALES, an individual;.         SEQ.; (6) NEGLIGENCE; (7)
19                                            UNJUST ENRICHMENT; (8)
                Defendants.                   VIOLATION OF THE ELDER
20                                            ABUSE AND DEPENDENT CIVIL
                                              PROTECTION ACT; AND (9)
21                                            CALIFORNIA CIVIL CODE §
                                              1750 ET SEQ;**
22

23                                            **DEMAND FOR JURY TRIAL**

24

25

26

27

28

Plaintiff Dominic Concetti (hereinafter "Plaintiff" or "Mr. Concetti"), through his

Guardian Ad Litem, Sharon Fraser, alleges as follows:

## PARTIES

1.      Mr. Concetti is an individual that currently resides in Santa Clara, County of

Santa Clara, California. His guardian ad litem, Sharon Fraser, is bringing this suit.

2.      On information and belief and at all times relevant to this Complaint,

Defendant Raymond Flores (hereinafter "FLORES") was an individual over the age of 18

residing in the State of California and is a real estate salesperson licensed by the State of

California and doing business in the County of Santa Clara.

3.      On information and belief and at all times relevant to this Complaint,

Defendant IMPAC FUNDING CORPORATION (hereinafter "IMPAC"), was a

corporation organized and existing under the laws of the State of California. IMPAC is in

the business of providing mortgage services doing business in Santa Clara County.

4.      On information and belief and at all times relevant to this Complaint,

Defendant UNIVERSAL MORTGAGE AND SALES, INC. (hereinafter "UNIVERSAL

MORTGAGE") was a corporation organized and existing under the laws of the State of

California. UNIVERSAL MORTGAGE is in the business of providing mortgage services

and is a licensed real estate broker licensed by the California Department of Real Estate

doing business in Santa Clara County.

5.      On information and belief and at all times relevant to this Complaint,

Defendant ERIK S. GONZALES ("GONZALES") was an individual over the age of 18

and a real estate broker licensed by the California Department of Real Estate and doing

COMPLAINT
CONCETTI v. IMPAC FUNDING CORP., ET AL.
CASE NO.

business in Santa Clara County. Plaintiff is informed and believes and thereon alleges that Defendant GONZALES was at all times material herein the licensed real estate broker for Defendant UNIVERSAL MORTGAGE.

6.    As Defendant UNIVERSAL MORTGAGE's licensed real estate broker, defendant GONZALES was responsible for the supervision and control of activities requiring a real estate license undertaken by employees of Defendant UNIVERSAL MORTGAGE.

7.    For each cause of action alleged herein, Defendant GONZALES is liable for the unlawful conduct of his employees, who were providing mortgage services under defendant GONZALES' real estate brokerage license.

8.    At all relevant times alleged herein, all of the Defendants were agents, servants and employees of each other. Each Defendant was acting within the scope of such agency or employment in doing the things herein alleged, or the alleged acts, omissions and other conduct of each Defendant was subsequently ratified or adopted by the other Defendants.

## STATEMENT OF THE CASE

9.    This is an egregious and appalling case in which the Defendants exploited, defrauded and took advantage of Plaintiff, an eighty-four year old man with significantly impaired vision and hearing, and obvious memory and capacity problems, all in a reprehensible attempt to deprive Plaintiff of his greatest single asset -- his home.

10.    Defendants contacted Plaintiff and promised to refinance his home at a good

COMPLAINT
CONCETTI v. FLORES, ET AL.
CASE NO.

interest rate, pay off a few of his debts, and get him a monthly payment he could

reasonably afford.  Instead, Defendants pulled a classic bait and switch, and had Plaintiff

sign loan documents (documents he could not read because of his vision problems) for a

terrible loan that, among other things, exceeded the promised interest rate by three percent

and left Plaintiff with a  monthly payment that actually exceeded Plaintiff's entire

monthly income by nearly $400.

11.    Defendants knowingly and intentionally preyed of Plaintiff's age, vision,

hearing and capacity issues, and now Plaintiff is in a loan he can't possibly afford and is

facing the likelihood of losing the house he has called home for nearly fifty years.

## JURISDICTION

12.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331

because Plaintiff has alleged causes of action for violations of the Federal Truth in

Lending Act, pursuant to 15 U.S.C. § 1601, *et seq.*,  and the Federal Real Estate

Settlement Procedures Act, pursuant to 12 U.S.C. § 2601, *et seq.*

13.    This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to

hear and determine Plaintiff's state law claims because those claims are related to

Plaintiff's federal claims, arise out of a common nucleus of operative facts and form part

of the same case or controversy under Article III of the United States Constitution.

## VENUE

14.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c)

because the Defendants committed each of the wrongful acts alleged herein within this

COMPLAINT
CONCETTI v. FLORES, ET AL.
CASE NO.

judicial district and reside in this judicial district.

## INTRA-DISTRICT ASSIGNMENT

15.    Intra-district assignment in San Jose, California is proper because the unlawful conduct that gives rise to the alleged claims occurred in Santa Clara County.

## STATEMENT OF FACTS:

16.    Mr. Concetti is eighty-four years old; he has macular degeneration and, even wearing special corrective lenses, his vision is so poor he is unable to read even the largest print.

17.    In order to sign his name on a document, he needs someone to hold his hand in the proper place because he is incapable of seeing the signature line.

18.    Mr. Concetti has significantly impaired hearing and, even with the assistance of a hearing aid, he has great difficulty hearing what people say. It is often necessary for people to repeat themselves several times before Mr. Concetti adequately hears what they are saying.

19.    Due to his advancing age and a number of health problems, Mr. Concetti has obvious memory and capacity issues. Mr. Concetti becomes easily confused and disoriented and often has difficulty remembering people, events and details from one day to another.

20.    Mr. Concetti is, and has been for at least the last two years, incapable of handling his day to day finances, such as paying his bills, or entering into contracts, without the assistance and involvement of his daughter, Sharon Fraser.

21.    On or about August 2006, Defendant Raymond FLORES contacted Mr. Concetti and informed him that Defendant UNIVERSAL MORTGAGE could refinance his existing mortgage, obtain cash for his bills, lower his interest rate, and reduce his monthly payment.

22.    Mr. Concetti told Defendant FLORES to talk with his daughter, Sharon Fraser, as she is the one who takes care of his finances.

23.    Defendant FLORES thereafter met and spoke with Mr. Concetti and his daughter several times about a new loan. Mr. Concetti and his daughter made it clear that the payment on any new loan needed to be $1700 or less and that the rate needed to be fixed, due to the fact that Mr. Concetti was on a fixed income of $1863 per month from Social Security and a pension from a former employer.

24.    On or about August 2006, Defendant FLORES assured Mr. Concetti and his daughter that his payments would be $1700 or less per month with an interest rate of 5% at Mr. Concetti's home, knowing it was false. Defendant Flores presented two draft sets of loan documents with an interest rate of 5% and payments less than $1700 per month to Sharon Fraser. Based on these representations, Mr. Concetti and his daughter agreed to use Defendants UNIVERSAL MORTGAGE and Erik GONZALES as their broker.

25.    On October 11, 2006, Defendant FLORES arrived unannounced at Mr. Concetti's house. Neither Sharon Fraser nor any other family member of Mr. Concetti's

was present. Defendant FLORES told Mr. Concetti he needed to sign all of the loan documents so he could get his money and close on the new loan.

26. Because of his vision problems, Mr. Concetti obviously could not read the loan documents. Defendant FLORES did not bother adequately explaining documents he was having Mr. Concetti, but instead spoke quickly in a manner Mr. Concetti did not understand and simply held Mr. Concetti's hand over the various signature lines and instructed him to sign his name.

27. Moreover, even if Defendant FLORES had explained all of the details set forth in the loan documents signed by Mr. Concetti, Mr. Concetti likely would not have remembered any of the details because of his memory and capacity issues.

28. Defendant FLORES was aware of all these facts, yet he still had Mr. Concetti sign the documents without making any attempt to contact Sharon Fraser or any other family member, despite the fact that Ms. Fraser was present during every other meeting and telephone call regarding the promised loan.

29. After Mr. Concetti signed the loan documents, Defendant FLORES provided him with only an unsigned copy of the closing documents. Included among the unsigned documents were multiple copies of the Notice of Right to Cancel required by the Federal Truth in Lending Act. In addition to being unsigned, the copies of the Notice of Right to Cancel erroneously identified the date of the transaction as October 10, 2006 and the expiration of the cancellation right as October 13, 2006.

30. The Notice of Right to Cancel documents actually signed by Plaintiff on October 11, 2006 also erroneously identified the date of the transaction as October 10,

- 6 -

2006 and the expiration of the cancellation right as October 13, 2006. However, Defendants made handwritten changes to the Notice of Right to Cancel document, changing the date of the transaction from October 10, 2006 to October 11, 2006, and the expiration of the cancellation right from October 13, 2006 to October 14, 2006.

31.     In addition, Plaintiff was charged significant fees in connection with the refinance that appear to have no discernible basis. The majority of the fees were paid to Defendants UNIVERSAL MORTGAGE, FLORES and GONZALES (hereinafter collectively referred to as "the Broker Defendants").

32.     The loan documents signed by Mr. Concetti on October 11, 2006 in no way resembled the loan Defendant FLORES had promised during his many discussions and meetings with Mr. Concetti and his daughter.

33.     The actual loan Defendants got for Mr. Concetti differed from the promised loan as follows:

    a.  Instead of a loan payment of $1700 per month, Mr. Concetti's monthly payment was $2200 – or nearly *$350 more than Mr. Concetti's entire monthly income*;

    b.  Instead of an interest rate of 5%, the rate was 8% and could go up as high as 13% after five years;

    c.  The loan was a negative amortization loan, so the $2200 payment was insufficient to cover the 8% interest rate, which resulted in unpaid interest being added to the principal every month;

d. The loan had a 36 month prepayment penalty, which was never mentioned to Mr. Concetti or his daughter; and

e. The loan increased the debt on Mr. Concetti's home from $442,000 to $528,000 -- an increase of more than $85,000 · which was never discussed with Mr. Concetti or his daughter.

34. If the foregoing was not bad enough, the Broker Defendants also falsified the loan application that was submitted to the lender in order to obtain the above-referenced loan.

35. Specifically, the Defendants falsely stated on the application that Mr. Concetti was born in 1936 (making him seventy-one years old), when he was actually born in 1923 (eighty-three years old at the time). Defendants also falsely stated that the existing loans on the property were $284,000, when they were actually $442,991. In addition, the Defendants indicated that Mr. Concetti's monthly income was $12,000, when his income was fixed at $1863.

36. The loan application also stated that Mr. Concetti had been the owner and operator of Concetti Landscaping for the past 14 years, with monthly income of $8300. Mr. Concetti has never owned or operated any such business.

37. Plaintiff is informed and believes and on that basis alleges that Defendant IMPAC failed to discover the falsity of the information contained in the loan application because it failed to follow its own internal processes and procedures for verifying information contained in a loan application.

38.    Despite the foregoing materially false statements contained on the loan application, and despite Defendant IMPAC's failure to discover the falsity of said statements, Plaintiff is informed and believes and on that basis alleges that Defendant IMPAC initially *denied* the loan. The Broker Defendants, however, were undeterred and responded by further embellishing the facts.

39.    First, Plaintiff is informed and believes and on that basis alleges that the Broker Defendants told Defendant IMPAC that Mr. Concetti was also employed by the City of San Jose as a crossing guard. Defendant IMPAC thereafter failed to adequately verify the Broker Defendants' claim, for if Defendant IMPAC had done so, they would have learned that Mr. Concetti stopped working as a crossing guard five years earlier, in 2001.

40.    The Broker Defendants then obtained and submitted three letters purporting to verify Mr. Concetti's ownership of Concetti Landscaping and the income derived therefrom. The letters can be described as follows:

a.    A letter from FP Vargas dated October 1, 2006 thanking Mr. Concetti of Concetti landscaping for performing landscaping services at his San Jose and Gilroy offices over the past three years. The letter also says he intends to continue using Concetti Landscaping indefinitely;

b.    A letter from Roberto Dorantes from Dorantes Flooring stating that Concetti Landscaping has been his landscaper for the past five years and that they have been very satisfied with his work; and

c.  A second letter from FP Vargas on his company letterhead, stating that he

has prepared Mr. Concetti's personal taxes and the business taxes for

Concetti Landscaping for the past three years and that they have filed the

requisite Profit and Loss Statements for the tax years 2003, 2004 and 2005.

41.  All three of the foregoing letters were false and fraudulent, and the Broker

Defendants knew they were false and fraudulent when they submitted them to the lender

in conjunction with Mr. Concetti's loan. Mr. Concetti has never met Mr. Vargas or Mr.

Dorantes, and he certainly has never done their landscaping, nor anyone else's.

42.  Unfortunately, Defendant IMPAC again did not discover that the letters

were fraudulent, as Plaintiff is informed and believes and on that basis alleges that

Defendant IMPAC failed to adequately verify the information submitted by the Broker

Defendants, and failed to follow its own internal processes and procedures with respect to

verifying information submitted by brokers.

43.  Based on all of the false information set forth above, Defendant IMPAC

approved the loan. The Defendants therefore succeeded in putting Mr. Concetti into a

loan that he could not possibly afford, and he is now in a position where he cannot make

the monthly payments, and is faced with losing the home he has owned for nearly 50

years.

44.  Plaintiff is now forced to bring the instant action to recover damages caused

by the blatantly inappropriate conduct and statutory violations engaged in by Defendants,

and to prevent Defendants from doing the same thing to other unsuspecting individuals.

## Injuries

45.    Defendants have illegally gained fees and profit from Plaintiff as described herein.  Therefore, Plaintiffs is entitled to restitution.

46.    Plaintiff paid finance charges and interest payments to Defendants based on this illegal and improper loan.

47.    Unless enjoined, Defendants will continue to engage in the unlawful acts described above.  Plaintiff continues to suffer irreparable harm from Defendants' unlawful acts unless relief is provided by this court.  Accordingly, Plaintiff is entitled to injunctive relief.

48.    Defendants acted intentionally, maliciously, wantonly, recklessly and in bad faith as described herein.  Accordingly, Plaintiff is entitled to punitive damages.

### FIRST CAUSE OF ACTION
### Violations of the Federal Truth In Lending Act;
### Federal Home Ownership & Equity Protections, Act, 15 U.S.C. § 1601, *et seq.*
### (Against Defendant Impac)

49.    Mr. Concetti hereby realleges and incorporates by reference the allegations of paragraphs 1 through 48 as though fully set forth herein.

50.    At the time of subject transaction, Defendant Impac acted as a creditor who regularly engaged in the making of mortgage loans, payable by agreement in installments or for which the payment of a finance charge is or may be required, whether in connection with loans, sales of property or services, or otherwise.

51.    Accordingly, Defendant is subject to the Truth in Lending Act ("TILA") 15 U.S.C. § 1601, *et seq.*, and its implementing regulations, Federal Reserve Board

1   Regulation Z, 12 C.F.R. § 226.

2       52.    As a result of the subject transaction, Defendant Impac acquired an interest

3   in Mr. Concetti's home that secures the payment or performance of an obligation.

4

5       53.    Defendant Impac provided Plaintiff with unsigned copies of the Notice of

6   Right to Cancel required by the Federal Truth in Lending Act, which erroneously

7   identified the date of the transaction as October 10, 2006 and the expiration of the

8   cancellation right as October 13, 2006.

9

10      54.    Defendant Impac therefore failed to properly and accurately notify Plaintiff

11  of his right to rescind the transaction, in violation of 15 U.S.C. § 1635(a) and 12 C.F.R. §§

12  226.15(b) and 226.23(b).

13      55.    In accordance with the Federal Truth in Lending Act, Plaintiff is entitled to:

14

15      a.    Rescission of the loan held by Defendant Impac pursuant to U.S.C. §§ 1635,

16            1641(d)(1) and 12 C.F.R. § 226.23;

17      b.    The return of any money or property that has been given to anyone in

18            connection with the transaction and the termination of Defendant Impac's

19            security interest in the property;

20

21      c.    Actual damages in an amount to be determined at trial;

22      d.    Statutory damages as provided by 15 U.S.C. § 1640; and Costs and

23            disbursements.

24

25

26  WHEREFORE, Plaintiff prays for relief as set forth below.

27                    **SECOND CAUSE OF ACTION**
28        **Violations of the Federal Real Estate Settlement Procedures Act,**

**12 U.S.C. § 2601,** *et seq.*
**(Against All Defendants)**

56.  Mr. Concetti hereby realleges and incorporates by reference the allegations of paragraphs 1 through 55 as though fully set forth herein.

57.  On information and belief, the Defendants make or invest in residential real estate loans aggregating more than $1,000,000 per year.

58.  Accordingly, Defendants are subject to the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*

59.  The Defendants have violated numerous provisions of RESPA, including:

   a.  Assessing fees and kickbacks pursuant to an agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving the mortgage on Plaintiff's home should be referred to any person, in violation of 12 U.S.C. § 2607(a);

   b.  Accepting any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving the mortgage on Plaintiff's home other than for services actually performed, in violation of 12 U.S.C. § 2607(b).

60.  Defendants violated RESPA by either paying or receiving an excessive or unearned fee.

61.  On information and belief, all such violations of RESPA were made by the Defendants with intentional disregard of the statutory requirements.

62.  On information and belief, all such violations of RESPA were made by the Defendants as part of a pattern or practice of noncompliance with the statute.

- 13 -

63.    In accordance with RESPA, the Defendants are liable for:

    a.    Actual damages in an amount to be determined at trial;

    b.    Attorney costs and fees;

    c.    Statutory damages, as provided by 12 U.S.C. §§ 2605, 2607 and 2609; and

    d.    Costs and disbursements.

WHEREFORE, Plaintiff prays for relief as set forth below.

### THIRD CAUSE OF ACTION
### (Fraud Against Defendants UNIVERSAL MORTGAGE, FLORES AND GONZALES)

64.    Mr. Concetti hereby realleges and incorporates by reference the allegations of paragraphs 1 through 63 as though fully set forth herein.

65.    Defendants made false representations of fact, failed to disclose information and suppressed information concerning the true nature and effect of documents they had Plaintiff execute to accomplish their fraudulent and predatory loan.

66.    The Broker Defendants fraudulently and knowingly induced Mr. Concetti to enter into the October 23, 2006 mortgage transaction by making intentional misrepresentations, failing to provide material information and/or deliberately concealing material information. As more fully alleged above, Defendant FLORES, for his own benefit on behalf of Defendants UNIVERSAL MORTGAGE and GONZALES, knowingly and purposely deceived Mr. Concetti and induced him to enter into a ruinous transaction that FLORES knew Mr. Concetti could not repay.

67.    Further, Defendant FLORES made numerous misrepresentations to induce

COMPLAINT
CONCETTI v. FLORES, ET AL.
CASE NO.

Mr. Concetti to enter this transaction, including the assurance that the interest rate would be 5% and that the payments would be $1700 or less per month.

68.    Defendant FLORES also failed to provide Mr. Concetti with clearly material information, including that the interest rate was actually 8% and could go as high as 13%, that Mr. Concetti's then existing loan had a prepayment penalty of nearly $14,000, that his new loan also had a thirty-six month prepayment penalty, that the new loan was negatively amortized and that the unpaid interest would be added to the principal of the loan, and that the new loan increased the debt on Mr. Concetti's property by $85,000.

69.    Defendant FLORES furthered the fraud by intentionally taking advantage of Mr. Concetti's disabilities and arriving at Mr. Concetti's house unannounced, then having him sign all the closing documents without even attempting to contact Mr. Concetti's daughter or another family member.

70.    Defendant FLORES also took affirmative steps in furtherance of the fraud by submitting knowingly false material information in Mr. Concetti's loan application and submitting falsified letters purporting to identify and corroborate Mr. Concetti's employment and income.

71.    Plaintiff justifiably relied on Defendants' intentional misrepresentations, omissions and concealment of material facts and signed the October 11, 2006 loan documents and obtained the fraudulent and predatory loan.

72.    Mr. Concetti has incurred and continues to incur substantial damages as a direct and proximate result of his justifiable reliance in entering into a transaction with

Defendants based on Defendants' intentional misrepresentations, omissions and/or concealments.

73.    Mr. Concetti is entitled to rescind the loan and equitable restitution.

74.    Defendants' conduct was, and is, willful, oppressive and malicious, and done with intent to injure Plaintiff and deprive Plaintiff of his property and legal rights. Plaintiff is therefore entitled to exemplary and punitive damages in an amount sufficient to punish Defendants and deter future wrongful conduct.

WHEREFORE, Plaintiff prays for relief as set forth below.

## FOURTH CAUSE OF ACTION
### Breach of Fiduciary Duty
### (Against Defendants UNIVERSAL MORTGAGE, FLORES AND GONZALES )

75.    Mr. Concetti hereby realleges and incorporates by reference the allegations of paragraphs 1 through 74 as though fully set forth herein.

76.    Defendants UNIVERSAL MORTGAGE, GONZALES and FLORES are licensed brokers and salespersons by the California Department of Real Estate. Their conduct is governed by the California Business and Professions Code and the laws of agency. They owe Plaintiff a fiduciary duty to conduct their affairs in a fair, just and equitable manner and to exercise a duty of care and disclosure of all material facts that would affect the Plaintiff's decision making. Defendants also have a duty to be fair and equitable in their dealings with Plaintiff. Defendants breached those duties to Plaintiff when they made misrepresentations to him.

COMPLAINT
CONCETTI v. FLORES, ET AL.
CASE NO.

77.    Defendants FLORES, UNIVERSAL MORTAGE AND GONZALES gained the trust and confidence of Mr. Concetti and his daughter regarding a potential new mortgage by meeting with them and promising certain beneficial terms in the new loan. Defendants violated this trust by providing a loan with terms different than those promised and with a payment exceeding Mr. Concetti's entire monthly income by more than $350.

78.    This breach of fiduciary duty was the actual and proximate cause of all of Mr. Conchetti's damages arising from this transaction.

79.    Defendants' breach of fiduciary duty was, and is, willful, oppressive and malicious, and done with intent to injure Plaintiff and deprive Plaintiff of his property and legal rights. Plaintiff is therefore entitled to exemplary and punitive damages in an amount sufficient to punish Defendants and deter future wrongful conduct.

WHEREFORE, Plaintiff prays for relief as set forth below.

## FIFTH CAUSE OF ACTION
### Violation of California Business and Professions Code § 17200, *et seq.*
### (Against All Defendants)

80.    Mr. Concetti hereby realleges and incorporates by reference the allegations of paragraphs 1 through 79 as though fully set forth herein.

81.    Plaintiff alleges that Defendants engaged in numerous acts and/or practices of unfair competition within the state of California in violation of Business and Professions Code § 17200, *et seq.* These acts or practices include without limitation the following:

a.    Offering and making a loan to the Plaintiff, while failing to take into

- 17 -

account or disregarding his ability to pay back such loan;

b. Misrepresenting to Plaintiff and his daughter the terms of the loan Plaintiff was actually agreeing to;

c. Falsifying information in loan applications of Plaintiff, without his knowledge or consent; and

d. Violating the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*; the Federal Real Estate Procedures Act, 12 U.S.C. § 2601, *et seq.*; the Consumers Legal Remedies Act, California Civil Code § 1750 *et seq.*; or any other applicable statute.

82.    The above-described unlawful, unfair and fraudulent business practices present an ongoing threat of injury to Plaintiff. Plaintiff continues to be financially harmed by such conduct and, unless it is restrained, Defendants, and each of them, will continue to engage in such conduct.

83.    Pursuant to California Business and Professions Code § 17203 and similar state statutes, Plaintiff is entitled to an order of this Court enjoining Defendants, and each of them, from continuing to engage in unfair competition as defined in Business and Professions Code § 17200 in the State of California and similar statutes of sister-states. Plaintiff will be irreparably harmed if such an order is not granted.

84.    Plaintiff has been injured by Defendants' conduct and is entitled to restitution and disgorgement of profits realized by Defendants, and each of them, as a result of their unfair competition as defined in Business and Professions Code § 17200, *et seq.*

WHEREFORE, Plaintiff prays for relief as set forth below.

### SIXTH CAUSE OF ACTION
### Negligence
### (Against All Defendants)

85.    Mr. Concetti hereby realleges and incorporates by reference the allegations of paragraphs 1 through 84 as though fully set forth herein.

86.    Each Defendant owed a duty of care to Mr. Concetti to exercise reasonable care with respect to the solicitation, negotiation, processing and finalization of the refinance loan agreement. Defendants UNIVERSAL MORTGAGE, FLORES and GONZALES further owed a special duty of care as a specialist with respect to mortgage brokering services. Among other things, Defendants owed a duty to comply with all statutory requirements, including, but not limited to, TILA and RESPA. Defendants breached their duties of care to Mr. Concetti and failed to exercise reasonable care and skill in performing their mortgage brokering and lending services by failing to, among other things, thoroughly explain the terms of the refinance transaction and loan agreement, ensure that Mr. Concetti understood the terms of the refinance transaction and loan agreement, disclose the total and true character of the fees that would be charged to Mr. Concetti, submit truthful financial information, evaluate and confirm the accuracy of such financial information prior to closing.

87.    Defendant IMPAC also owed a duty of care to Mr. Concetti to exercise reasonable care in verifying the information contained in the loan application and supporting documentation submitted by the broker. Defendant IMPAC breached their

1    duty of care by not adequately verifying said information and by failing to follow their

2    own internal processes and procedures for doing so.

3
4    88.    As a proximate result of Defendants' negligence and other breaches of

5    fiduciary duty as alleged herein, Mr. Concetti entered into a loan he could not afford on

6    undisclosed terms, and in doing so repaid an existing loan that contained prepayment

7    penalty clauses in the amount of $13,585, and has suffered and will continue to suffer

8    damages in an amount to be proven at trial.
9

10
11    WHEREFORE, Plaintiff prays for relief as set forth below.

12                        **SEVENTH CAUSE OF ACTION**
13                             **Unjust Enrichment**
                             **(Against All Defendants)**
14
15    89.    Mr. Concetti hereby realleges and incorporates by reference the allegations

16    of paragraphs 1 through 89 as though fully set forth herein.

17    90.    By their wrongful acts and omissions, Defendants were unjustly enriched at

18    the expense of Plaintiff.
19
20    91.    Plaintiff is entitled to restitution from Defendants and disgorgement of all

21    profits, benefits and other compensation obtained by Defendants through their wrongful

22    conduct.

23

24
25    WHEREFORE, Plaintiff prays for relief as set forth below.

26                         **EIGHTH CAUSE OF ACTION**
          **Violation of the Elder Abuse and Dependent Civil Protection Act**
27                          **(Against all Defendants)**

28

                                    - 20 -                        COMPLAINT
                                                        CONCETTI v. FLORES, ET AL.
                                                               CASE NO.

92.    Mr. Concetti hereby realleges and incorporates by reference the allegations of paragraphs 1 through 91 as though fully set forth herein.

93.    Mr. Concetti resides in this state and has physical and mental limitations that restrict his ability to carry out normal activities or to protect his or her rights. Further Mr. Concetti's physical or mental abilities have diminished because of age. Consequently, Mr. Concetti's is a "dependent adult" within the meaning of Welfare and Institutions Code § 15610.23.

94.    The Defendants committed "financial abuse" within the meaning of Welfare and Institutions Code § 15610.30 in that they took and retained, or assisted in taking and retaining Mr. Concetti's personal property for a wrongful use or with intent to defraud, or both. Defendant FLORES knowingly and intentionally made misrepresentations regarding the financial aspects of the transaction. Defendants IMPAC, UNIVERSAL and GONZALES are imputed as a result of their agency relationship with Defendant FLORES and each other, and by their failure to adequately follow procedures in verifying Mr. Concetti's employment status with the City of San Jose, the existence of Concetti Landscaping, Mr. Concetti's age, social security number, his income and his tax status.

95.    The Defendants acted in bad faith in committing the aforementioned acts of financial abuse because they knew or should have known that Mr. Concetti was unaware of the nature of the transaction he was entering, given Defendants' misrepresentations, improper disclosures and falsifications, and in light Mr. Concetti's advanced age, level of sophistication, and physical and mental limitations.

96.    The Defendants conduct and misrepresentations were fraudulent, reckless

- 21 -

1  and done with malice.

2      97.    The Defendants conduct proximately caused Mr. Concetti to suffer pain,

3  suffering and emotional distress.

4

5      98.    Mr. Concetti is entitled to recover reasonable attorneys fees and costs

6  pursuant to Welfare and Institutions Code § 15657.5 in that the defendants were guilty of

7  recklessness, oppression, fraud or malice in the commission of the aforementioned abuse.

8

9

10  WHEREFORE, Plaintiff prays for relief as set forth below.

11                    **NINTH CAUSE OF ACTION**
12           **Violation of California's Consumer Legal Remedies Act**
                        **Civil Code § 1750, *et seq.***
13                       **(Against all Defendants)**

14      99.    Mr. Concetti hereby realleges and incorporates by reference the allegations

15  of paragraphs 1 through 98 as though fully set forth herein.

16

17      100.    By their wrongful conduct as alleged herein, Defendants created, engaged in

18  and/or participated in unfair acts or practices in violation of the Consumers Legal

19  Remedies Act. California Civil Code § 1750, *et seq.*

20      101.    By their conduct, Defendants engaged in unfair or deceptive acts or

21  practices in transactions intended to result in the sale of goods or services in violation of

22

23  California Civil Code § 1770, including but not limited to:

24      a.    Representing that their good and services have characteristics, uses or

25           benefits which they do not have, in violation of California Civil Code §

26           1770(a)(5);

27

28      b.    Representing that the transaction confers or involves rights, remedies or

- 22 -

1    obligations which it does not, in violation of California Civil Code §

2    1770(a)(14);

3
    c.   Representing that the subject of the transaction has been supplied in
4
        accordance with a previous representation when it has not, in violation of
5
        California Civil Code § 1770(a)(16); and
6

7    d.   Inserting an unconscionable provision in the contract, in violation of
8
        California Civil Code § 1770 (a)(19).
9

10    102.    As a result of these unfair and deceptive practices, Defendants have been

11    unjustly enriched at Mr. Concetti's expense in an amount not yet ascertained. Mr.

12    Concetti is entitled to equitable restitution from Defendants.

13
    103.    Defendants acted willfully and maliciously in engaging in the above
14
    described acts. Accordingly, Mr. Concetti is entitled to punitive damages.
15

16    104.    Mr. Concetti is entitled to recover actual damages and reasonable attorney

17    fees and costs pursuant to California Civil Code section 1780(a)(1) & (d). The amount of

18    such damages cannot be determined at this time.

19

20

21                    **PRAYER FOR RELIEF:**

22    1.   Rescission of all the mortgage documents dated October 23, 2006 and any

23        and all agreements or contracts that made up the fraudulent transaction at

24        issue.
25

26    2.   An accounting, restitution and/or disgorgement;

27    3.   Compensatory and general damages;

28

- 23 -

4.  For restitution of all money and things received by the Defendants from Plaintiff;

5.  For punitive damages in an amount sufficient to punish the Defendants and to deter the Defendants from engaging in similar conduct at issue;

6.  For statutory damages pursuant to the TILA and RESPA;

7.  For costs and reasonable attorneys' fees;

8.  For prejudgment interest;

9.  For such other relief as the Court deems proper.

Respectfully submitted,

Dated: October 23 2007         LAW FOUNDATION OF SILICON VALLEY

Jessica Fry

Kerstin Arusha

Attorneys for Plaintiff

DOMINIC CONCETTI

///

///

- 24 -

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby requests a trial by jury as to each and every claim for which he is so entitled.

Dated: October 23, 2007          LAW FOUNDATION OF SILICON VALLEY

Jessica Fry                                    Kerstin Arusha

Attorneys for Plaintiff

DOMINIC CONCETTI