1 | CHARLES M. STANDARD   Bar Number 160720
LAW OFFICE OF CHARLES M. STANDARD
2 | 152 N. Third Street, Suite 700
San Jose, CA  95112
3 | (408) 275-9700   Phone
(408) 286-0337   Facsimile
4 |

5 | Attorney for Defendant, Raymond Flores

6 |

7 |

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

10 |

| | |
|---|---|
| DOMINIC CONCETTI, by his Guardian Ad Litem, SHARON FRASER | Case Number:  C 07 05410 JW |
| Plaintiff, | ANSWER OF RAYMOND FLORES TO CROSS COMPLAINT FILED BY IMPAC FUNDING CORPORATION |
| vs. | |
| IMPAC FUNDING CORPORATION, a California Corporation, dba IMPAC; UNIVERSAL MORTGAGE AND SALES, INC., a California Corporation, RAYMOND FLORES, an individual;  and ERIK S. GONZALES, an individual | |
| Defendants | |

   Defendant, RAYMOND FLORES, responds to the Cross-Complaint filed by IMPAC FUNDING CORPORATION herein as follows.

   1.   Cross-Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph one, and on that basis denies same.

   2.   Cross-Defendant admits he is located within 100 miles of the place where the summons was issued.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph two, and on that basis denies same.

   3.   Cross-Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph three, and on that basis denies same.

4. Cross-Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph four, and on that basis denies same.

5. Cross-Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph five, and on that basis denies same.

6 Cross-Defendant admits the allegations contained within paragraph six.

7. Cross-Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph seven, and on that basis denies same.

8. Cross-Defendant admits the allegations contained in paragraph eight.

9. Cross-Defendant admits the allegations contained in paragraph nine.

10. Cross-Defendant admits the allegations contained in paragraph ten.

11. Cross-Defendant denies the allegations contained in paragraph eleven.

12. Cross-Defendant denies he refinanced the loan on behalf of Gonzales. Cross-Defendant admits each and every other allegation contained in paragraph twelve.

13. Cross-Defendant admits each and every allegation contained in paragraph thirteen.

14. Cross-Defendant admits each and every allegation contained in paragraph fourteen.

15. Cross-Defendant admits each and every allegation contained in paragraph fifteen.

16. Cross-Defendant admits each and every allegation contained in paragraph sixteen.

17. Cross-Defedant denies the allegations contained in paragraph seventeen.

18. Cross-Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph eighteen, and on that basis denies same.

19. Cross-Defendant denies the allegations contained in paragraph nineteen.

20. Cross-Defendant hereby realleges and incorporates by reference all of the allegations of paragraph one through nineteen as though fully set forth herein.

21. Cross-Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph twenty-one, and on that basis denies same.

22. Cross-Defendant denies each and every allegation contained in paragraph twenty-two.

23. Cross-Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph twenty-three, and on that basis denies same.

1  24. Cross-Defendant denies each and every allegation contained in paragraph twenty-four.

2  25. Cross-Defendant hereby realleges and incorporates by reference all of the allegations
3  of paragraph one through twenty-five as though fully set forth herein.

4  26. Cross-Defendant denies each and every allegation contained in paragraph twenty-six.

5  27. Cross-Defendant denies each and every allegation contained in paragraph twenty-
6  seven.

7  28. Cross-Defendant hereby realleges and incorporates by reference all of the allegations
8  of paragraph one through twenty-eight as though fully set forth herein.

9  29. Cross-Defendant denies each and every allegation contained in paragraph twenty-
10  nine.

11  30. Cross-Defendant denies each and every allegation contained in paragraph thirty.

12  31. Cross-Defendant hereby realleges and incorporates by reference all of the allegations
13  of paragraph one through thirty as though fully set forth herein.

14  32. Cross-Defendant denies each and every allegation contained in paragraph thirty-two.

15  33. Cross-Defendant denies each and every allegation contained in paragraph thirty-three.

16  34. Cross-Defendant hereby realleges and incorporates by reference all of the allegations
17  of paragraph one through thirty-three as though fully set forth herein.

18  35. Cross-Defendant denies each and every allegation contained in paragraph thirty-five.

19  36. Cross-Defendant denies each and every allegation contained in paragraph thirty-six.

**AFFIRMATIVE DEFENSES:**

As affirmative defenses, Cross-Defendant alleges:

**FIRST AFFIRMATIVE DEFENSE**

**FAILURE TO STATE A CAUSE OF ACTION**

As a separate, distinct and affirmative defense, this appearing Cross-Defendant alleges that neither the Cross-Complaint nor any cause of action in the complaint states facts sufficient to substantiate a cause of action against this appearing Cross-Defendant.

27  ///
28  ///

**SECOND AFFIRMATIVE DEFENSE**

**FAILURE TO MITIGATE DAMAGES**

As a separate, distinct and affirmative defense, this appearing Cross-Defendant alleges that, plaintiff's alleged injuries, if any there were, were aggravated by the Cross-Complainant's failure to use reasonable diligence to mitigate them.

**THIRD AFFIRMATIVE DEFENSE**

**STATUTE OF LIMITATIONS**

As a separate, distinct and affirmative defense, this appearing Cross-Defendant alleges that the complaint and all causes of action contained therein are barred by the Statute of Limitations, and more specifically §§337, 337.1, 337.15, 338, 339, 340, 340.6 and 343 of the California Code of Civil Procedure.

**FOURTH AFFIRMATIVE DEFENSE**

**ESTOPPEL**

As a separate, distinct and affirmative defense, this appearing Cross-Defendant alleges that the Cross-Complainant is estopped by action of law or by conduct from maintaining these action.

**FIFTH AFFIRMATIVE DEFENSE**

**LACHES**

As a separate, distinct and affirmative defense, this appearing Cross-Defendant alleges that the action filed in this Cross-Complaint is not maintainable under the doctrine of laches.

**SIXTH AFFIRMATIVE DEFENSE**

**UNCLEAN HANDS**

As a separate, distinct and affirmative defense, this appearing Cross-Defendant alleges that the Cross-Complainant in this case is guilty of "unclean hands" in the matters set forth in the Cross-Complaint, which conduct extinguishes the right to equitable relief in these action.

**SEVENTH AFFIRMATIVE DEFENSE**

**PERFORMANCE**

As a separate, distinct and affirmative defense, this appearing Cross-Defendant alleges that the Cross-Complainant is foreclosed from seeking damages from this defendant because this Cross-

1 | Defendant performed all obligations, if any, that they owed to Cross-Complainant, and Cross-
2 | Defendant's conduct was consistent with the terms of the contract between the parties.
3 |     WHEREFORE, Cross-Defendant prays as follows:
4 |     1.    That Cross-Complainant take nothing by reason of its Cross-Complaint, that
5 | judgment be rendered in favor of Cross-Defendant;
6 |     2.    That Cross-Defendant be awarded his cost of suit incurred in defense of this action;
7 |     3.    For reasonable attorney's fees.
8 |     4.    For such other relief as the Court deems proper.
9 | Dated: January 23, 2008

_____
CHARLES M. STANDARD
Attorney for Defendant, RAYMOND FLORES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28