1  CHARLES M. STANDARD   Bar Number 160720
   LAW OFFICE OF CHARLES M. STANDARD
2  152 N. Third Street, Suite 700
   San Jose, CA  95112
3  (408) 275-9700   Phone
   (408) 286-0337   Facsimile

4

5  Attorney for Defendant, Raymond Flores

6

7

8                    UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

10

11 | DOMINIC CONCETTI, by his Guardian Ad Litem, ) | Case Number:  C 07 05410 JW |
   | SHARON FRASER                               ) |                             |
12 |                                             ) | RAYMOND FLORES' RULE        |
   |                          Plaintiff,         ) | 26 STATEMENT                |
13 |                                             ) |                             |
   | vs.                                         ) |                             |
14 |                                             ) |                             |
   | IMPAC FUNDING CORPORATION, a                ) |                             |
15 | California Corporation, dba IMPAC;          ) |                             |
   | UNIVERSAL MORTGAGE AND SALES, INC.,         ) |                             |
16 | a California Corporation, RAYMOND FLORES,   ) |                             |
   | an individual;  and ERIK S. GONZALES, an    ) |                             |
17 | individual                                  ) |                             |
   |                                             ) |                             |
18 |                          Defendants         ) |                             |
   |_____) |                             |

19

20      RAYMOND FLORES submits this Statement of Disclosure pursuant to Federal Rule of

21  Civil Procedure § 26.

22                              **I.  WITNESSES:**

23      Raymond Flores can identify the following witnesses in this matter.

24  **Witness:**          **Contact Information**:

25  Raymond Flores        c/o Charles Standard
                          152 N. Third Street, Suite 700
26                        San Jose, CA  95112

27  Dominic Concetti      c/o Jessica Fry
                          Fair Housing Project
28                        111 W. Saint John Street, Suite 315

---

Rule 26 Statement                    1                           C 07 05410 JW

|   |   |   |
|---|---|---|
| 1 |  | San Jose, CA  95113 |
| 2 | Sharon Fraser | c/o Jessica Fry |
|   |  | Fair Housing Project |
| 3 |  | 111 W. Saint John Street, Suite 315 |
|   |  | San Jose, CA  95113 |
| 4 |  |  |
|   | Frank Vargas, CPA |  |
| 5 |  |  |

## II.  DOCUMENTS:

Raymond Flores can identify the following documents which he has in his custody or control which support his claims or defenses.

**Date:** | **Document:**
---|---
09/21/2005 | Promissory Note executed by Dominic Concetti in favor of Pro 30 Funding.
09/21/2005 | Deed of Trust securing Promissory Note executed by Raymond Concetti in favor of Pro 30 Funding.
09/29/2005 | Borrowers Closing Statement (Pro 30 Funding)
10/10/2006 | Country Wide Payoff Demand
09/29/2005 | Hud 1 - Pro 30 Funding Loan
10/17/2005 | Selected Interest Rates from Federal Reserve
09/13/2006 | Credit Report - Dominic Concetti
10/23/2005 | Borrower's Final Closing Statement (Impac Loan)
10/10/2006 | Promissory Note executed by Dominic Concetti in favor of Impac Lending Group.
10/23/2006 | Deed of Trust securing Promissory Note executed by Raymond Concetti in favor of Impac Lending Group.
2006 | Cell Phone Bills for Raymond Flores reflecting phone calls made by Raymond Flores.
10/23/2006 | Hud 1 Statement (Impac Lending Group loan)
 | Loan Application for Dominic Concetti

## III.  DAMAGES:

Mr. Concetti's damages in this matter are limited to the sum of $ 4,317.95.  A discussion of this claim is provided below.

### A.  PROCEEDS OF LOAN BALANCE WHICH BENEFITTED MR. CONCETTI:

While Mr. Concetti's principal rose when he refinanced his loan, the increase covered the

following expenses:

    a.    Pay-off of increased principal (negative amortization) since the last refinancing ($ 9,991.86;

    b.    Interest on Mr. Concetti's existing loan ($ 5,182.80);

    c.    Interest towards Mr. Concetti's new loan ($ 1,408.00);

    d.    Late charges ($ 74.91);

    e.    Property insurance ($ 202.80);

    f.    Property taxes ($ 289.29);

    g.    Cash to Mr. Concetti ($46,971.24);

    h.    Payments towards Mr. Concetti's credit cards ($ 12,966.00);

Regarding items a through a through f (principal, interest, late fees, property taxes and insurance), above, these items would have been incurred by Mr. Concetti whether or not he refinanced his home. Meaning, he cannot claim these expenses as damages. Items g and h represent monies which were either provided directly to Mr. Concetti (cash), or, for paid for his direct benefit (credit card payments). Meaning, he cannot claim these as damages.

**B.   INCREASE IN PRINCIPAL WHICH DID NOT BENEFIT MR. CONCETTI:**

The only charges which did not benefit Mr. Concetti directly concern the pre-payment penalty he paid ($ 13,585.15), and, the fees associated for brokering the loan ($ 4,317.95). Regarding the pre-payment penalties and fees incurred by Mr. Concetti, Mr. Flores notes the following.

In plaintiff's complaint, he indicated that at the time he refinanced his home, his expenses exceeded his monthly mortgage obligations. This left Mr. Concetti with the option. Either selling his home, or, refinancing same. Had Mr. Concetti sold his home, he would have still incurred a prepayment penalty (though he would have avoided the financing fees). Had Mr. Concetti refinanced the 2005 note, he would have incurred both fees and the prepayment penalty. Had Mr. Concetti taken a second note instead of refinancing the 2005 note, he could have avoided a prepayment penalty, though he would have paid a higher interest rate. In time, the extra interest payments would have exceeded the amount of the prepayment penalty.

In short, given Mr. Concetti's situation (expenses exceeding his income), he would have incurred the same expenses detailed above, regardless of the path he pursued. In short, if Mr. Concetti has been harmed by the refinancing of his home, his consequential damages in this case would be limited to $ 4,317.95.

Dated: March 10, 2008

_____
CHARLES M. STANDARD
Attorney for Defendant, RAYMOND FLORES