JESSICA L. FRY (State Bar No. 076018) *Pro Hac Vice*
jessicaf@lawfoundation.org
FAIR HOUSING LAW PROJECT
111 West Saint John Street, Suite 315
San Jose, CA 95113
Telephone:    408-280-2458
Facsimile:    408-293-0106

STEVEN L. WALKER (State Bar No. 163613)
swalker@mwe.com
McDERMOTT WILL & EMERY LLP
3150 Porter Drive
Palo Alto, CA 94304
Telephone:    650.813.5000
Facsimile:    650.813.5100

Attorneys for Plaintiff
DOMINIC CONCETTI, through his Guardian Ad Litem,
SHARON FRASER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DOMINIC CONCETTI, through his Guardian Ad Litem, SHARON FRASER,<br><br>Plaintiff,<br><br>v.<br><br>IMPAC FUNDING CORORATION, a California corporation, dba IMPAC; UNIVERSAL MORTGAGE AND SALES, INC., a California corporation; RAYMOND FLORES, an individual; and ERIK S. GONZALES, an individual;.<br><br>Defendants. | Case No. C 07 05410 JW<br><br>Honorable James Ware<br>United States District Court Judge<br><br>**JOINT RULE 26(f) REPORT AND CASE MANAGEMENT STATEMENT**<br><br>**RULE 26(F); CIVIL L.R. 16-9** |

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9 and this Court's Standing Order plaintiff Dominic Concetti ("Mr. Concetti"), through his Guardian Ad Litem, Sharon Fraser ("Ms. Fraser") and defendants Impac Funding Corporation ("Impac"), Universal

Mortgage and Sales, Inc. ("Universal Mortgage"), Raymond Flores ("Flores"), and Erik S. Gonzales ("Gonzales") hereby submit the following Joint Case Management Statement.

## JOINT CASE MANAGEMENT STATEMENT

### A. Jurisdiction And Service

This Court has subject matter jurisdiction as Mr. Concetti has asserted violations of the Federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* and Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* Consequently, this Court has supplemental jurisdiction over the related state law claims asserted by Mr. Concetti pursuant to 28 U.S.C § 1367. This Court has personal jurisdiction over all of the parties as they are all located in California. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because the Defendants committed each of the wrongful acts alleged herein within this judicial district and all Defendants, except IMPAC, reside in this judicial district.

All of the parties agree that there is no dispute with respect to the propriety of service of process, personal jurisdiction, subject matter jurisdiction, or venue.[1]

### B. A Brief Factual Description Of The Events Underlying The Action

#### a. Plaintiff's and Defendant's Description of the Facts:

Mr. Concetti is the owner of a home in Santa Clara, California. He has lived in his home for 50 years. On or about August 2006, Mr. Concetti alleges that Defendant Flores contacted Mr. Concetti to engage him as his mortgage broker and enter into refinance of his mortgage. Mr. Concetti is 84-year-old man with significantly impaired vision and hearing, and obvious memory and capacity issues, and for at least the last two years has been incapable of managing his day-to-day finances. He relies on his daughter, Sharon Fraser, who assisted Mr. Concetti in the transaction with Mr. Flores. Mr. Concetti alleges that he and Ms. Fraser were persuaded to refinance by Mr. Flores, and consequently entered into a refinance of his home mortgage, originated by Impac (i.e., Impac is the lender). Defendant Flores was a senior mortgage consultant at Defendant Universal Mortgage, for which Defendant Gonzales is the licensed real

---

[1] Counsel for defendants Universal Mortgage and Gonzales recently agreed to accept service of defendant Impac's cross-claim, but a response to that cross-claim has not yet been filed.

estate broker and owner.

Mr. Concetti has alleged that he was defrauded into entering into this mortgage, which contains highly unfavorable lending terms that were never disclosed to him. Mr. Concetti alleges that Defendants induced him to entering this mortgage by making fraudulent misrepresentations and by taking advantage of his age, impaired vision and hearing, and obvious memory and capacity issues. Consequently, Mr. Concetti alleges that he has been financially damaged and is in danger of losing his home of over fifty years. Based on these allegations, Mr. Concetti has asserted fraud, elder abuse, violations of consumer lending statutes, unfair competition, and related claims against the Defendants.

    **b. <u>Principal Factual Issues Which The Parties Dispute</u>**

- Whether Defendants made fraudulent misrepresentations to induce Plaintiff to enter the mortgage at issue.
- Whether Defendants failed to make required disclosures of terms that must be disclosed pursuant the statutory requirements for home mortgages set forth in the Federal Truth in Lending Act.
- Whether Defendants' acts and omissions were intentional, extreme and outrageous and done with malice and reckless disregard of the likelihood of causing Mr. Concetti emotional distress and whether as a proximate cause of these acts, Mr. Concetti suffered emotional distress.
- Whether Defendants acts and omissions were a violation of the duty of ordinary care that a reasonably prudent mortgage brokers and lenders would have adhered to and whether Defendants' breach of this duty was the actual and proximate cause of Mr. Concetti's alleged injury.

    **c. <u>Principal Legal Issues Which The Parties Dispute:</u>**

- Whether Defendants' actions in inducing Mr. Concetti into entering the mortgage at issue constitute elder abuse as defined in California Welfare & Institutions Code § 15600 *et. seq.*
- Whether the terms of mortgage are in violation of statutory requirements

governing the terms of home mortgages, including the provisions of the Federal Truth in Lending Act and Real Estate Settlement Procedures Act.
- Whether Defendants Universal Mortgage, Raymond Flores, and Erik S. Gonzales violated the fiduciary duty they owed as mortgage brokers to Mr. Concetti.
- Whether Defendants' acts and omissions constituted unfair competition as defined in Business & Professions Code § 17200.
- Whether Defendants Impac, Universal Mortgage, Raymond Flores, and Erik S. Gonzales acts engaged in deceptive and unfair practices in violation of California's Consumer Legal Remedies Act, Civil Code §§ 1750, 1770 *et seq.*
- Whether Defendant Impac owed a duty of care to Concetti.
- Whether defendants Universal, Flores, and Gonzales, in doing the acts alleged, were acting as agents of defendant Impac.
- Whether cross-defendants Universal, Gonzales, and Flores are liable to Impac pursuant to the written broker agreement between Impac and Universal and/or pursuant to other causes of action in the cross-claim.

### C. Motions

No motions have been filed to date in this action. Mr. Concetti does not anticipate filing any motions at present.

### D. Amendment of Pleadings

Mr. Concetti has not amended his Complaint, and is considering amendment of his complaint to include EMC Mortgage, the current holder of his mortgage. Mr. Concetti requests that the deadline for the amending of pleadings be set one week following the close of expert discovery.

### E. Evidence Preservation

Following the filing of his Complaint, Mr. Concetti has taken reasonable steps to collect documents relevant to this action. Mr. Concetti is an individual, does not own a computer, and has not stored documents in electronic form that would be relevant to this action. All parties have agreed to take reasonable steps to collect and preserve all documents relevant to this action.

### F. Disclosures

The parties have agreed to exchange their initial disclosures under Rule 26(a)(1) on **March 10, 2007.**[2] The parties do not contemplate any deviation from the requirements set forth in the Federal Rules in their Rule 26(a) disclosures.

### G. Discovery To Date And Rule 26(f) Discovery Plan

The parties have not engaged in any discovery to date. Mediation is currently scheduled for March 14, 2008. Parties have agreed to meet and confer five (5) days following mediation to draft a Rule 26(f) discovery plan.

### H. Class Actions

This case is not a class action.

### I. Related Cases

Impac has filed cross-claims against Universal Mortgage, Raymond Flores, and Erik S. Gonzales.

### J. Settlement And ADR

The parties have engaged in ongoing, informal discussions regarding alternative dispute resolution. Mr. Concetti has submitted his ADR Certificate, and believes that it may be possible to resolve this case in early mediation, currently scheduled for March 14, 2008.

### K. Consent to Magistrate Judge For All Purposes

This case has been assigned to a district court judge.

### L. Other References

This case is not suitable for arbitration, special master or through multi-district litigation.

---

[2] Erik Gonzales and Universal Mortgage have recently been served, but have not yet appeared in this action. Accordingly, it is the position of Universal Mortgage and Gonzales that they will not be exchanging initial disclosures and will not be party to the joint case management statement until they have appeared.

M. **Narrowing of Issues**

The parties have not identified issues to be narrowed or ways to expedite trial at present.

N. **Expedited Schedule**

The parties do not believe that this case may be resolved in litigation on an expedited basis using streamlined procedures.

O. **Scheduling**

The parties propose the following pretrial schedule:

| | |
|---|---|
| Completion of fact discovery: | **Friday, June 20, 2008** |
| Disclosure of experts and reports: | **Friday, July 25, 2008** |
| Deadline for service of rebuttal expert reports: | **Friday, September 5, 2008** |
| Completion of expert discovery: | **Friday, September 19, 2008** |
| Dispositive motion hearing deadline: | **Friday, October 3, 2008** |
| Pretrial Conference | **Monday, October 27, 2008** |
| Start of Trial | **Monday, November 3, 2008** |

P. **Trial**

Mr. Concetti requests a trial by jury. The parties anticipate that a trial will run 5 -7 days.

Q. **Disclosure of Non-Party Interested Entities or Persons**

There has been no disclosure of non-party interested entities or persons.

R. **Position of Defendants Universal Mortgage and Sales and Erik Gonzales**

Defendants Erik Gonzales and Universal Mortgage and Sales have recently been served, but have not yet appeared in this action. Accordingly, it is the position of Universal Mortgage and Gonzales that they will not be exchanging initial disclosures and will not be party to the joint case management statement until they have appeared.

DATED: March 10, 2008                    FAIR HOUSING LAW PROJECT

By: /s/ Jessica L. Fry
    Jessica L. Fry
    Attorneys for Plaintiff

| | | |
|---|---|---|
| 1 | DATED: March 10, 2008 | MCDERMOTT WILL & EMERY |
| 2 | | |
| 3 | | |
| 4 | | By: /s/ Steven L. Walker |
| | |     Steven L. Walker |
| 5 | |     Attorneys for Plaintiff |
| 6 | DATED: March 10, 2008 | WOLFE & WYMAN LLP |
| 7 | | |
| 8 | | By: /s/ Eric Thomas Lamhofer |
| | |     Eric Thomas Lamhofer |
| 9 | |     Attorneys for Defendant, |
| | |     IMPAC FUNDING CORPORATION |
| 10 | | |
| 11 | DATED: March 10, 2008 | LAW OFFICE OF CHARLES M. STANDARD |
| 12 | | |
| 13 | | By: /s/ Charles M. Standard |
| | |     Charles M. Standard |
| 14 | |     Attorneys for Defendant, |
| | |     RAYMOND FLORES |