JESSICA L. FRY *Pro Hac Vice*
jessicaf@lawfoundation.org
ANNETTE KIRKHAM (State Bar No. 217958)
Annettek@lawfoundation.org
FAIR HOUSING LAW PROJECT
111 West Saint John Street, Suite 315
San Jose, CA 95113
Telephone:    408-280-2458
Facsimile:    408-293-0106

STEVEN L. WALKER (State Bar No. 163613)
swalker@mwe.com
McDERMOTT WILL & EMERY LLP
3150 Porter Drive
Palo Alto, CA 94304
Telephone:    650.813.5000
Facsimile:    650.813.5100

Attorneys for Plaintiff
DOMINIC CONCETTI, through his Guardian Ad
Litem, SHARON FRASER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DOMINIC CONCETTI, through his Guardian Ad Litem, SHARON FRASER,<br><br>Plaintiff,<br><br>v.<br><br>IMPAC FUNDING CORPORATION, a California corporation, dba IMPAC; UNIVERSAL MORTGAGE AND SALES, INC., a California corporation; RAYMOND FLORES, an individual; and ERIK S. GONZALES, an individual,<br><br>Defendants. | Case No.  CV 07-05410 JW<br><br>**STIPULATED PROTECTIVE ORDER** |

Each party recognizes that some of the information that will be produced in this action

will include information held as confidential or proprietary financial, medical, personal,

*McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO*

commercial, business, or trade-secret information.  To preserve the confidential or proprietary status of such information, each party, through their respective outside counsel of record, agrees as follows, subject to the approval of the Court.

1.    For purposes of this Stipulated Protective Order, which governs all discovery produced in this action, the party (including any third party or non party) responding to discovery shall be referred to as the "Disclosing Party"; the Disclosing Party's outside counsel of record shall be referred to as "Disclosing Counsel"; all parties receiving the discovery produced by the Disclosing Party are collectively referred to as the "Discovering Party"; and the Discovering Party's outside counsel of record shall be referred to as "Discovering Counsel."

2.    The term "Confidential" information shall apply to a party's confidential and nonpublic information, the disclosure of which the Disclosing Party contends could cause harm to the Disclosing Party or provide improper advantage to others, and that is not otherwise marked or designated by the Disclosing Party as "Highly Confidential."

3.    The term "Highly Confidential" shall apply to a party's highly confidential and proprietary information (including, without limitation, medical, personal, business, commercial, competitive, financial, marketing, sales, and technical information) that the Disclosing Party reasonably and in good faith believes is so highly sensitive that its disclosure to persons other than those specified herein in Paragraph 9(b) could reasonably be expected to result in injury to the Disclosing Party.  The term "Highly Confidential" may include, but is not limited to, (1) medical records, (2) business/strategic plans, (3) non-public marketing information including future marketing plans, (4) detailed sales and financial data that includes cost and profit information, (5) customer lists, and (6) other information of business, commercial, competitive, financial, marketing, sales, or technical significance comparable to the items listed in this paragraph.

4.    Absent a specific order by this Court, all materials designated "Confidential" or "Highly Confidential" shall be used solely for the purposes of this litigation, and for no other purpose whatsoever.

CASE NO.  CV-07-05410 JW

1    5.    Documents, testimony, and other materials containing "Confidential" or "Highly

2    Confidential" information may be designated in the following manner:

3        a.    The Disclosing Party may designate documents and other materials as

4            "Confidential" or "Highly Confidential" at the time of their production, by

5            labeling the documents (including each page of multi-page documents) or

6            other material with the legend "Confidential" or "Highly Confidential". In

7            the absence of such designation at the time of production, the documents

8            and other materials produced shall be deemed non-confidential, subject to

9            paragraph 19 below. All documents and other materials made available for

10            inspection shall be treated as "Highly Confidential" until copied and/or

11            produced, after which time such items shall be treated in accordance with

12            the legend, if any, placed thereon. The parties agree that any documents

13            and other materials produced before the entry of this Stipulated Protective

14            Order shall be deemed governed by this Stipulated Protective Order until it

15            is entered by the Court.

16        b.    Deposition testimony may be orally designated as "Confidential" or

17            "Highly Confidential" during the deposition. Alternatively, at any time up

18            to 30 calendar days after the deposition, the testimony may be designated

19            as "Confidential" or "Highly Confidential" as long as all other parties to

20            this litigation are informed in writing by the Disclosing Party. If

21            deposition testimony was not designated during the deposition, the

22            testimony shall be deemed "Highly Confidential" until the expiration of the

23            30 day period. If no oral designation was made at the deposition and no

24            written designation was made within the 30 day period, then the transcript

25            and testimony shall be deemed non-confidential.

26        c.    Testimony or information given at a conference, hearing, or trial may be

27            orally designated as "Confidential" or "Highly Confidential" during the

28

McDermott Will & Emery LLP
ATTORNEYS AT LAW
PALO ALTO

CASE NO. CV-07-05410 JW

conference, hearing, or trial, subject to acceptance of that designation by the Court.

6.    The Designating Party shall have the right to exclude from a deposition – before the taking of testimony which the Designating Party designates "Confidential" or "Highly Confidential" and subject to this Stipulated Protective Order – all persons not qualified to receive such information. The failure of such persons to leave a deposition whenever such a request is made under this paragraph shall justify counsel to instruct the witness that he or she shall not answer any question that the counsel has a reasonable belief would disclose "Confidential" or "Highly Confidential" information.

7.    If the Disclosing Party is a third party or non party to this case, Discovering Counsel shall provide the third party or non party with a copy of this Stipulated Protective Order at the time discovery is requested, and Discovering Counsel shall ensure that copies of any documents or other materials produced by the third party or non party are promptly provided to outside counsel of record for all parties in this case.

8.    As to discovery designated "Confidential":

a.    The Disclosing Party shall provide such discovery to outside counsel of record for each other party in the case.

b.    The Discovering Counsel shall neither disclose nor reveal such discovery in whole or in part to any other person or entity except for:

(i)    Discovering Counsel, their employees, and independent contractors employed for the purposes of handling and reproducing documents in connection with this action;

(ii)    stenographic or video personnel who record or transcribe any proceedings in this litigation;

(iii)    independent consultants, experts, or translators retained by any of the parties to this litigation and their respective employees, staff, or other assistants working under their supervision, subject to paragraphs 10 and 11 below;

- 4 -

McDermott Will & Emery LLP
ATTORNEYS AT LAW
PALO ALTO

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

1             (iv)    any author, or past or present authorized recipient, of the document;

2             (v)    the Court and its employees, any juror, or any other entity or person

3                    authorized by this Court or required by law; and

4             (vi)    individuals and organizations that provide graphics, jury consulting,

5                    or any related or similar services to counsel as part of discovery or

6                    preparation and trial of this action, subject to paragraph 13, below.

7      c.    In no event shall "Confidential" information be stored at any business

8           premises of the parties to this case unless such information is stored in a

9           secured area and accessible only to persons eligible to review such

10          information (e.g. locked cabinet or locked office).

11     e.    "Confidential" information produced by any defendant shall not be

12          disclosed to any of the individuals identified pursuant to paragraph 8(b)(iv)

13          for any other defendant.

14   9.    As to discovery designated "Highly Confidential":

15     a.    The Disclosing Party shall provide such discovery to outside counsel of

16          record for each other party in the case;

17     b.    The Discovering Counsel shall neither disclose nor reveal such discovery

18          in whole or in part to any other person or entity except for:

19         (i)    Discovering Counsel, their employees, and independent contractors

20             employed for the purposes of handling and reproducing documents

21             in connection with this action;

22         (ii)    stenographic or video personnel who record or transcribe any

23             proceedings in this litigation;

24         (iii)    independent consultants, experts, or translators retained by any of

25             the parties to this litigation and their respective employees, staff, or

26             other assistants working under their supervision, subject to

27             paragraphs 10 and 11 below;

28         (iv)    any author, or past or present authorized recipient, of the document;

         CASE NO.  CV-07-05410 JW

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

1      (v)     the Court and its employees, any juror, or any other entity or person

2              authorized by this Court or required by law;

3      (vi)    individuals and organizations that provide graphics, jury consulting,

4              or any related or similar services to counsel as part of discovery or

5              preparation and trial of this action, subject to paragraph 13, below;

6              and

7      (vii)   any other individuals, upon agreement of the parties or upon motion

8              of a party and approval by the Court.

9      10.     Before disclosing any "Confidential" or "Highly Confidential" information to any

10     independent consultant, expert, or translator referred to in paragraphs 8(b)(iii) and 9(b)(iii) above,

11     Discovering Counsel shall:

12     a.      provide a copy of this Stipulated Protective Order to each such consultant,

13     expert, or translator;

14     b.      obtain from the consultant, expert, or translator a fully executed

15     undertaking in the form attached hereto as Exhibit A; and

16     c.      identify each such consultant, expert, or translator to whom disclosure is

17     proposed by providing to Disclosing Counsel, via email or facsimile, a copy of each such

18     consultant's, expert's, or translator's executed undertaking, along with current resume for each

19     such consultant, expert, or translator.  The consultant's, expert's, or translator's resume must

20     identify all employers and clients for whom the consultant, expert, or translator has worked in the

21     last four years, any litigation matters in which the consultant, expert, or translator has testified,

22     either by way of expert report, deposition, or testimony at a hearing or trial, over the last four

23     years, and any work performed for any of the parties to this case at any time.

24     Discovering Counsel shall not disclose "Confidential" or "Highly Confidential"

25     information to any independent consultant, expert, or translator for a period of seven court days

26     from the date on which it provides to Disclosing Counsel the items specified in paragraph 10(c)

27     above.  If, within this period, Disclosing Counsel does not object, in writing, to the proposed

28     disclosure to the consultant, expert, or translator identified pursuant to paragraph 10(c) above,

1    then Discovering Counsel shall be permitted to disclose "Confidential" or "Highly Confidential"

2    information to that consultant, expert, or translator.  If there is an objection, and the parties are

3    unable to resolve the issue, Disclosing Counsel may, within seven court days after making the

4    objection, move the Court for an Order preventing such disclosure.  If an objection is made, no

5    disclosure of "Confidential" or "Highly Confidential" information shall be made to the

6    independent consultant, expert, or translator until after the Court decides the issue, it is resolved

7    by agreement of the parties, or Disclosing Counsel fails to move the Court for an Order

8    preventing the disclosure within the prescribed time period.

9        11.    Before disclosing any "Confidential" or "Highly Confidential" information to any

10   of the individuals or organizations identified in paragraphs 8(b)(vi) and 9(b)(vi) above,

11   Discovering Counsel shall obtain an executed undertaking in the form attached as Exhibit A from

12   each such individual and organization.  Discovering Counsel shall maintain a copy of the

13   undertaking(s) for the individuals and organizations in 8(b)(vi) and 9(b)(iv) until termination of

14   the action, but need not provide copies or disclose those individuals and organizations to the other

15   parties.  A single undertaking executed by a representative of an organization is sufficient for the

16   entire organization.

17       12.    The provisions of this Stipulated Protective Order shall in no way restrict any of

18   the defendants from voluntarily sharing their own "Confidential" or "Highly Confidential"

19   information with each other.

20       13.    In the event of any dispute about the designation of a document, testimony, or

21   other material, the parties shall confer and try to resolve their differences.  If the parties are

22   unable to resolve this issue, the party seeking redesignation may move the Court for an Order

23   redesignating the document, testimony, or other material.

24       14.    Any document to be filed with the Court that contains any "Confidential" or

25   "Highly Confidential" information shall be filed under seal in a sealed envelope prominently

26   labeled as follows:

27       "Confidential/Highly Confidential"

28

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

CASE NO.  CV-07-05410 JW

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

> This envelope/container contains documents, materials, or tangible things filed in this action by [name of party] pursuant to the Protective Order dated _____, 2008, and is not to be opened nor the contents thereof displayed or revealed except to counsel of record in this action and the Court, unless Court Order or Stipulation signed by counsel for the producing party provides otherwise.

15. The restrictions of this Stipulated Protective Order shall not apply to any discovery which the Discovering Party can establish (i) was already known to it at the time of disclosure, (ii) has been, or became, a matter of public knowledge through no act of the Discovering Party, or (iii) has been published before, or became published after, disclosure through no act of the Discovering Party.

16. Nothing herein is intended in any way to restrict the ability of Discovering Counsel to use "Confidential" or "Highly Confidential" material in examining or cross-examining any employee, former employee, agent, expert, or consultant of the Disclosing Party, or any person who authored, received, or is a named recipient of the "Confidential" or "Highly Confidential" material.

17. In the event that any "Confidential" or "Highly Confidential" material is used in any Court proceeding in this action, it shall not necessarily lose its "Confidential" or "Highly Confidential" status through such use, and the party using such material shall take all steps reasonably available to protect its confidentiality during such use.

18. "Confidential" or "Highly Confidential" information, or the substance or content thereof, including any notes, memoranda, or other similar documents relating thereto, shall not be disclosed, either in writing or orally, to anyone other than persons permitted to have access to such information under this Stipulated Protective Order. Nothing herein, however, is intended to prohibit or proscribe the ability of Discovering Counsel from providing the client with informed and meaningful advice solely with respect to this action or to prevent counsel from aggregating or summarizing such information for its client so long as it does not reveal or disclose "Confidential" or "Highly Confidential" information to those unauthorized to have access to such information under this Order.

CASE NO. CV-07-05410 JW

19.    Nothing herein shall restrict a qualified recipient from making working copies, abstracts, digests, or analyses of "Confidential" or "Highly Confidential" information for use in connection with this litigation, and such working copies, abstracts, digests, and analyses shall be deemed to have the same level of protection under the terms of this Stipulated Protective Order. Further, nothing herein shall restrict a qualified recipient from converting or translating such information into machine-readable form for incorporation into a data retrieval system used in connection with this litigation, provided that access to such information, in whatever form stored or reproduced, shall be limited to qualified recipients.

20.    If discovery calls for the production of information subject to a confidentiality or nondisclosure agreement between the Disclosing Party and a third party or non party, the Disclosing Party shall give notice within 14 calendar days to the third party or non party that such information is subject to discovery in this litigation, and shall provide the third party or non party with a copy of this Stipulated Protective Order. The Disclosing Party shall advise the Discovering Party that such notice has been given within seven calendar days of giving such notice. If the third party or non party either does not respond or refuses to consent to disclosure of the requested information, the burden shall be on the Discovering Party to seek relief from the appropriate court, if it so desires.

21.    If "Confidential" or "Highly Confidential" material produced in accordance with this Order is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall immediately bring all pertinent facts related to such disclosure to the attention of the Disclosing Counsel and, without prejudice to other rights and remedies of the Disclosing Party, shall make all reasonable efforts to retrieve the material and prevent any further disclosure by it or by the person(s) who received such material.

22.    The inadvertent failure to designate documents or other material as "Confidential" or "Highly Confidential" before or at the time of disclosure shall not operate as a waiver of the Disclosing Party's right to designate said documents or other material as "Confidential" or "Highly Confidential". In the event that such documents or other material are designated "Confidential" or "Highly Confidential" after disclosure, then the Disclosing Party shall

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

1    promptly, after learning of the failure to designate, notify the Discovering Party in writing of the

2    missing designation.  The Disclosing Party shall provide properly marked replacement documents

3    or other material to the Discovering Party within ten court days after the notice.  Within ten court

4    days of receiving properly marked replacements, the Discovering Party shall confirm in writing

5    that the unmarked documents or other material were destroyed, or return the previously unmarked

6    documents or other material to the Disclosing Party.

7        23.    If the Disclosing Party inadvertently discloses information that is protected by

8    attorney-client privilege, the work-product doctrine, or any applicable privilege, the Disclosing

9    Party shall promptly, upon discovery of the disclosure, notify in writing the Discovering Party of

10    the inadvertent production, and request that the item(s) be returned.  If that request is made, no

11    one shall thereafter assert that the inadvertent disclosure waived any privilege or immunity, but a

12    party may continue to seek the production of the discovery on grounds other than waiver as a

13    result of its inadvertent disclosure in this case.  After being notified, the Discovering Party must

14    promptly return, sequester, or destroy the specified information and any copies it has and may not

15    use or disclose the information until the claim is resolved.  The Discovering Party may, within 15

16    calendar days of the privilege assertion, present the information to the Court under seal for a

17    determination of the claim.  If the Discovering Party disclosed the information before being

18    notified, it must take reasonable steps to retrieve it.  The Disclosing Party must preserve the

19    information until the claim is resolved.  If the Discovering Party elects not to file a motion with

20    the Court within 15 calendar days, it shall return or destroy the inadvertently produced

21    information, and all copies and derivations thereof, within that 15 day period.  If the Discovering

22    Party does file a motion with the Court challenging the assertion of privilege, and the Court

23    upholds the privilege, the Discovering Party shall return or destroy the inadvertently produced

24    information, and all copies and derivations thereof, within five court days of the Court's order.

25    Where privileged information is to be destroyed by the Discovering Party, the Discovering Party

26    shall confirm in writing that the inadvertently produced information was destroyed, or return it to

27    the Disclosing Party, and such information shall not be used for any purpose in the litigation.

28

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

CASE NO.  CV-07-05410 JW

24.     In the event that any party or any other individual authorized under this Protective Order to receive "Confidential" or "Highly Confidential" information is served with a subpoena or other judicial process demanding the production or disclosure of any materials designated "Confidential" or "Highly Confidential," such party or individual shall provide the Disclosing Party with a copy of such subpoena or other judicial process within five (5) court days following receipt thereof, so that the Disclosing Party may have an opportunity to appear and be heard on whether that information need be disclosed.

25.     Unless counsel agrees otherwise in writing, within thirty days of the conclusion of this case (i.e. within thirty days after entry of a final judgment or decision from which no further appeal may be taken), with the exception noted below, each party's outside counsel of record shall return to the Disclosing Counsel all documents (and copies thereof) which were designated by the Disclosing Party as "Confidential" or "Highly Confidential" or destroy same, including all documents or copies provided by a Discovering Party to any other person.  However, outside counsel of record for each of the parties may retain one archival copy ("permitted archival copy") of correspondence between counsel in this case, Court transcripts, Court exhibits, deposition transcripts, deposition exhibits, discovery requests and responses, filings with the Court and pleadings, and exhibits to those filings and pleadings, even though such papers may contain "Confidential" or "Highly Confidential" information.  In sum, the parties are not permitted to otherwise retain production documents designated by the Disclosing Party as "Confidential" or "Highly Confidential" as part of the permitted archival copy.  At the conclusion of this thirty day period, each party's outside counsel of record shall certify in writing to the Disclosing Counsel that to his or her knowledge and belief, with the exception of the permitted archival copy, the party has either returned or destroyed all "Confidential" or "Highly Confidential" information in accordance with this Stipulated Protective Order.

26.     The provisions of this Stipulated Protective Order limiting the disclosure of "Confidential" or "Highly Confidential" information shall survive the termination of this action.

27.     Nothing in this Stipulated Protective Order shall preclude any party hereto from seeking relief from, or modifications to, this Stipulated Protective Order.

McDermott Will & Emery LLP
ATTORNEYS AT LAW
PALO ALTO

1    **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

2    Counsel for Plaintiff Dominic Concetti:    FAIR HOUSING LAW PROJECT

3

4    By:  /s/ Jessica L. Fry
                 Jessica L. Fry
5                 Attorneys for Plaintiff

6    MCDERMOTT WILL & EMERY

7

8    By:  /s/ Steven L. Walker
                 Steven L. Walker
9                 Attorneys for Plaintiff

10   Counsel for Defendant Impac:    WOLFE & WYMAN LLP

11

12   By:  /s/ Eric Thomas Lamhofer
                 Eric Thomas Lamhofer
                 Attorneys for Defendant,
13               IMPAC FUNDING CORPORATION

14

15   Counsel for Defendant Flores:    LAW OFFICE OF CHARLES M. STANDARD

16

17   By:  /s/ Charles M. Standard
                 Charles M. Standard
                 Attorneys for Defendant,
18               RAYMOND FLORES

19   This the 29th day of May, 2008.

20

21   **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

22

23   DATED: _____

24   _____
     James Ware
     United States District/Magistrate Judge

25

26

27

28

CASE NO.  CV-07-05410 JW

*McDermott Will & Emery LLP*
*Attorneys at Law*
*Palo Alto*

## EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

DOMINIC CONCETTI, through his
Guardian Ad Litem, SHARON FRASER,

    Plaintiff,

    v.

IMPAC FUNDING CORPORATION, a
California corporation, dba IMPAC;
UNIVERSAL MORTGAGE AND
SALES, INC., a California corporation;
RAYMOND FLORES, an individual; and
ERIK S. GONZALES, an individual,

    Defendants.

Case No.  C07-05410 JW

**STIPULATED PROTECTIVE ORDER**

### AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

The undersigned hereby acknowledges that he (or she) has received and read the Stipulated Protective Order entered in the United States District Court for the Northern District of California in connection with the above captioned lawsuit, and understands its terms and agrees to be bound by each of those terms.  Specifically, and without limitation upon such terms, the undersigned agrees not to use or disclose any confidential information other than in accordance with the Stipulated Protective Order.  The undersigned further submits to jurisdiction of this Court for purposes of the Stipulated Protective Order in this action.

Dated: _____    By: _____
                                                (signature line)

                                       _____
                                       (type or print name of individual)

                                       _____
                                       (name of employer)

MPK 142478-2.099791.0011

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO