1  JESSICA L. FRY *Pro Hac Vice*
   jessicaf@lawfoundation.org
2  ANNETTE KIRKHAM (State Bar No. 217958)
   Annettek@lawfoundation.org
3  FAIR HOUSING LAW PROJECT
   111 West Saint John Street, Suite 315
4  San Jose, CA 95113
   Telephone:    408-280-2458
5  Facsimile:    408-293-0106

6  STEVEN L. WALKER (State Bar No. 163613)
   swalker@mwe.com
7  McDERMOTT WILL & EMERY LLP
   3150 Porter Drive
8  Palo Alto, CA 94304
9  Telephone:    650.813.5000
   Facsimile:    650.813.5100
10
   Attorneys for Plaintiff
11 DOMINIC CONCETTI, through his Guardian Ad
   Litem, SHARON FRASER
12
13
14                    UNITED STATES DISTRICT COURT
15                  NORTHERN DISTRICT OF CALIFORNIA
                           SAN JOSE DIVISION
16
17
18 DOMINIC CONCETTI, through his
   Guardian Ad Litem, SHARON FRASER,
19                                              Case No.  CV 07-05410 JW
                  Plaintiff,
20
           v.
21                                              **STIPULATED PROTECTIVE ORDER**
   IMPAC FUNDING CORPORATION, a             **AND ADDENDUM TO PROTECTIVE ORDER**
22 California corporation, dba IMPAC;
   UNIVERSAL MORTGAGE AND
23 SALES, INC., a California corporation;        **(MODIFIED BY THE COURT)**
   RAYMOND FLORES, an individual; and
   ERIK S. GONZALES, an individual,
24
                  Defendants.
25
26
27         Each party recognizes that some of the information that will be produced in this action
28 will include information held as confidential or proprietary financial, medical, personal,

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

commercial, business, or trade-secret information.  To preserve the confidential or proprietary

status of such information, each party, through their respective outside counsel of record, agrees

as follows, subject to the approval of the Court.

     1.    For purposes of this Stipulated Protective Order, which governs all discovery

produced in this action, the party (including any third party or non party) responding to discovery

shall be referred to as the "Disclosing Party"; the Disclosing Party's outside counsel of record

shall be referred to as "Disclosing Counsel"; all parties receiving the discovery produced by the

Disclosing Party are collectively referred to as the "Discovering Party"; and the Discovering

Party's outside counsel of record shall be referred to as "Discovering Counsel."

     2.    The term "Confidential" information shall apply to a party's confidential and

nonpublic information, the disclosure of which the Disclosing Party contends could cause harm to

the Disclosing Party or provide improper advantage to others, and that is not otherwise marked or

designated by the Disclosing Party as "Highly Confidential." **(See Addendum to Protective Order).**

     3.    The term "Highly Confidential" shall apply to a party's highly confidential and

proprietary information (including, without limitation, medical, personal, business, commercial,

competitive, financial, marketing, sales, and technical information) that the Disclosing Party

reasonably and in good faith believes is so highly sensitive that its disclosure to persons other

than those specified herein in Paragraph 9(b) could reasonably be expected to result in injury to

the Disclosing Party.  The term "Highly Confidential" may include, but is not limited to, (1)

medical records, (2) business/strategic plans, (3) non-public marketing information including

future marketing plans, (4) detailed sales and financial data that includes cost and profit

information, (5) customer lists, and (6) other information of business, commercial, competitive,

financial, marketing, sales, or technical significance comparable to the items listed in this

paragraph.  **(See Addendum to Protective Order).**

     4.    Absent a specific order by this Court, all materials designated "Confidential" or

"Highly Confidential" shall be used solely for the purposes of this litigation, and for no other

purpose whatsoever.

McDermott Will & Emery LLP
Attorneys at Law
Palo Alto

1    5.    Documents, testimony, and other materials containing "Confidential" or "Highly

2    Confidential" information may be designated in the following manner:

3    a.    The Disclosing Party may designate documents and other materials as

4    "Confidential" or "Highly Confidential" at the time of their production, by

5    labeling the documents (including each page of multi-page documents) or

6    other material with the legend "Confidential" or "Highly Confidential". In

7    the absence of such designation at the time of production, the documents

8    and other materials produced shall be deemed non-confidential, subject to

9    paragraph 19 below. All documents and other materials made available for

10    inspection shall be treated as "Highly Confidential" until copied and/or

11    produced, after which time such items shall be treated in accordance with

12    the legend, if any, placed thereon. The parties agree that any documents

13    and other materials produced before the entry of this Stipulated Protective

14    Order shall be deemed governed by this Stipulated Protective Order until it

15    is entered by the Court.

16    b.    Deposition testimony may be orally designated as "Confidential" or

17    "Highly Confidential" during the deposition. Alternatively, at any time up

18    to 30 calendar days after the deposition, the testimony may be designated

19    as "Confidential" or "Highly Confidential" as long as all other parties to

20    this litigation are informed in writing by the Disclosing Party. If

21    deposition testimony was not designated during the deposition, the

22    testimony shall be deemed "Highly Confidential" until the expiration of the

23    30 day period. If no oral designation was made at the deposition and no

24    written designation was made within the 30 day period, then the transcript

25    and testimony shall be deemed non-confidential.

26    c.    Testimony or information given at a conference, hearing, or trial may be

27    orally designated as "Confidential" or "Highly Confidential" during the

28

CASE NO. CV-07-05410 JW

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

1    conference, hearing, or trial, subject to acceptance of that designation by

2    the Court.

3        6.    The Designating Party shall have the right to exclude from a deposition – before

4    the taking of testimony which the Designating Party designates "Confidential" or "Highly

5    Confidential" and subject to this Stipulated Protective Order – all persons not qualified to receive

6    such information.  The failure of such persons to leave a deposition whenever such a request is

7    made under this paragraph shall justify counsel to instruct the witness that he or she shall not

8    answer any question that the counsel has a reasonable belief would disclose "Confidential" or

9    "Highly Confidential" information.

10        7.    If the Disclosing Party is a third party or non party to this case, Discovering

11    Counsel shall provide the third party or non party with a copy of this Stipulated Protective Order

12    at the time discovery is requested, and Discovering Counsel shall ensure that copies of any

13    documents or other materials produced by the third party or non party are promptly provided to

14    outside counsel of record for all parties in this case.

15        8.    As to discovery designated "Confidential":

16        a.    The Disclosing Party shall provide such discovery to outside counsel of

17        record for each other party in the case.
    **Unless otherwise ordered by the court,**

18        b.    The Discovering Counsel shall neither disclose nor reveal such discovery

19        in whole or in part to any other person or entity except for:

20        (i)    Discovering Counsel, their employees, and independent contractors

21        employed for the purposes of handling and reproducing documents

22        in connection with this action;

23        (ii)    stenographic or video personnel who record or transcribe any

24        proceedings in this litigation;

25        (iii)    independent consultants, experts, or translators retained by any of

26        the parties to this litigation and their respective employees, staff, or

27        other assistants working under their supervision, subject to

28        paragraphs 10 and 11 below;

CASE NO.  CV-07-05410 JW

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

1           (iv)    any author, or past or present authorized recipient, of the document;

2           (v)    the Court and its employees, any juror, or any other entity or person

3               authorized by this Court or required by law; and

4           (vi)    individuals and organizations that provide graphics, jury consulting,

5               or any related or similar services to counsel as part of discovery or

6               preparation and trial of this action, subject to paragraph 13, below.

7     c.    In no event shall "Confidential" information be stored at any business

8         premises of the parties to this case unless such information is stored in a

9         secured area and accessible only to persons eligible to review such

10         information (e.g. locked cabinet or locked office).

11     e.    "Confidential" information produced by any defendant shall not be

12         disclosed to any of the individuals identified pursuant to paragraph 8(b)(iv)

13         for any other defendant.

14   9.    As to discovery designated "Highly Confidential":

15     a.    The Disclosing Party shall provide such discovery to outside counsel of

16         record for each other party in the case;

17     b.    The Discovering Counsel shall neither disclose nor reveal such discovery

18         in whole or in part to any other person or entity except for:

19           (i)    Discovering Counsel, their employees, and independent contractors

20               employed for the purposes of handling and reproducing documents

21               in connection with this action;

22           (ii)    stenographic or video personnel who record or transcribe any

23               proceedings in this litigation;

24           (iii)    independent consultants, experts, or translators retained by any of

25               the parties to this litigation and their respective employees, staff, or

26               other assistants working under their supervision, subject to

27               paragraphs 10 and 11 below;

28           (iv)    any author, or past or present authorized recipient, of the document;

McDermott Will & Emery LLP
ATTORNEYS AT LAW
PALO ALTO

1    (v)    the Court and its employees, any juror, or any other entity or person

2           authorized by this Court or required by law;

3    (vi)   individuals and organizations that provide graphics, jury consulting,

4           or any related or similar services to counsel as part of discovery or

5           preparation and trial of this action, subject to paragraph 13, below;

6           and

7    (vii)  any other individuals, upon agreement of the parties or upon motion

8           of a party and approval by the Court.

9    10.    Before disclosing any "Confidential" or "Highly Confidential" information to any

10   independent consultant, expert, or translator referred to in paragraphs 8(b)(iii) and 9(b)(iii) above,

11   Discovering Counsel shall:

12   a.    provide a copy of this Stipulated Protective Order to each such consultant,

13   expert, or translator;

14   b.    obtain from the consultant, expert, or translator a fully executed

15   undertaking in the form attached hereto as Exhibit A; and

16   c.    identify each such consultant, expert, or translator to whom disclosure is

17   proposed by providing to Disclosing Counsel, via email or facsimile, a copy of each such

18   consultant's, expert's, or translator's executed undertaking, along with current resume for each

19   such consultant, expert, or translator.  The consultant's, expert's, or translator's resume must

20   identify all employers and clients for whom the consultant, expert, or translator has worked in the

21   last four years, any litigation matters in which the consultant, expert, or translator has testified,

22   either by way of expert report, deposition, or testimony at a hearing or trial, over the last four

23   years, and any work performed for any of the parties to this case at any time.

24   Discovering Counsel shall not disclose "Confidential" or "Highly Confidential"

25   information to any independent consultant, expert, or translator for a period of seven court days

26   from the date on which it provides to Disclosing Counsel the items specified in paragraph 10(c)

27   above.  If, within this period, Disclosing Counsel does not object, in writing, to the proposed

28   disclosure to the consultant, expert, or translator identified pursuant to paragraph 10(c) above,

McDermott Will & Emery LLP
ATTORNEYS AT LAW
PALO ALTO

1   then Discovering Counsel shall be permitted to disclose "Confidential" or "Highly Confidential"

2   information to that consultant, expert, or translator.  If there is an objection, and the parties are

3   unable to resolve the issue, Disclosing Counsel may, within seven court days after making the

4   objection, move the Court for an Order preventing such disclosure.  If an objection is made, no

5   disclosure of "Confidential" or "Highly Confidential" information shall be made to the

6   independent consultant, expert, or translator until after the Court decides the issue, it is resolved

7   by agreement of the parties, or Disclosing Counsel fails to move the Court for an Order

**On any such motion, the party opposing disclosure shall bear the burden of proving that the risk**

8   preventing the disclosure within the prescribed time period. ^ **of harm that disclosure would entail**
**(under safeguards proposed) outweighs the receiving party's need to disclose the materials to its expert.**

9          11.     Before disclosing any "Confidential" or "Highly Confidential" information to any

10  of the individuals or organizations identified in paragraphs 8(b)(vi) and 9(b)(vi) above,

11  Discovering Counsel shall obtain an executed undertaking in the form attached as Exhibit A from

12  each such individual and organization.  Discovering Counsel shall maintain a copy of the

13  undertaking(s) for the individuals and organizations in 8(b)(vi) and 9(b)(iv) until termination of

14  the action, but need not provide copies or disclose those individuals and organizations to the other

15  parties.  A single undertaking executed by a representative of an organization is sufficient for the

16  entire organization.

17         12.     The provisions of this Stipulated Protective Order shall in no way restrict any of

18  the defendants from voluntarily sharing their own "Confidential" or "Highly Confidential"

19  information with each other.

20         13.     In the event of any dispute about the designation of a document, testimony, or

21  other material, the parties shall confer and try to resolve their differences.  If the parties are

22  unable to resolve this issue, the party seeking redesignation may move the Court for an Order

23  redesignating the document, testimony, or other material. ^ **The burden of persuasion on any such**
**motion shall be on the Disclosing Party to justify the confidentiality designation given.**

24         14.     Any document to be filed with the Court that contains any "Confidential" or
**in compliance with Civil Local Rule 79-5.**

25  "Highly Confidential" information shall be filed ~~under seal in a sealed envelope prominently~~

26  ~~labeled as follows:~~

27        ~~"Confidential/Highly Confidential"==~~

28

CASE NO.  CV-07-05410 JW

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

1  ~~This envelope/container contains documents, materials, or~~
2  ~~tangible things filed in this action by [name of party] pursuant to~~
   ~~the Protective Order dated _____, 2008, and is not to be~~
3  ~~opened nor the contents thereof displayed or revealed except to~~
   ~~counsel of record in this action and the Court, unless Court~~
4  ~~Order or Stipulation signed by counsel for the producing party~~
   ~~provides otherwise.~~

5  15.    The restrictions of this Stipulated Protective Order shall not apply to any discovery

6  which the Discovering Party can establish (i) was already known to it at the time of disclosure,

7  (ii) has been, or became, a matter of public knowledge through no act of the Discovering Party, or

8  (iii) has been published before, or became published after, disclosure through no act of the

9  Discovering Party.

10  16.    Nothing herein is intended in any way to restrict the ability of Discovering

11  Counsel to use "Confidential" or "Highly Confidential" material in examining or cross-examining

12  any employee, former employee, agent, expert, or consultant of the Disclosing Party, or any

13  person who authored, received, or is a named recipient of the "Confidential" or "Highly

14  Confidential" material.

15  17.    In the event that any "Confidential" or "Highly Confidential" material is used in

16  any Court proceeding in this action, it shall not necessarily lose its "Confidential" or "Highly

17  Confidential" status through such use, and the party using such material shall take all steps

18  reasonably available to protect its confidentiality during such use.

19  18.    "Confidential" or "Highly Confidential" information, or the substance or content

20  thereof, including any notes, memoranda, or other similar documents relating thereto, shall not be

21  disclosed, either in writing or orally, to anyone other than persons permitted to have access to

22  such information under this Stipulated Protective Order.  Nothing herein, however, is intended to

23  prohibit or proscribe the ability of Discovering Counsel from providing the client with informed

24  and meaningful advice solely with respect to this action or to prevent counsel from aggregating or

25  summarizing such information for its client so long as it does not reveal or disclose

26  "Confidential" or "Highly Confidential" information to those unauthorized to have access to such

27  information under this Order.

28

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

19.    Nothing herein shall restrict a qualified recipient from making working copies, abstracts, digests, or analyses of "Confidential" or "Highly Confidential" information for use in connection with this litigation, and such working copies, abstracts, digests, and analyses shall be deemed to have the same level of protection under the terms of this Stipulated Protective Order. Further, nothing herein shall restrict a qualified recipient from converting or translating such information into machine-readable form for incorporation into a data retrieval system used in connection with this litigation, provided that access to such information, in whatever form stored or reproduced, shall be limited to qualified recipients.

20.    If discovery calls for the production of information subject to a confidentiality or nondisclosure agreement between the Disclosing Party and a third party or non party, the Disclosing Party shall give notice within 14 calendar days to the third party or non party that such information is subject to discovery in this litigation, and shall provide the third party or non party with a copy of this Stipulated Protective Order. The Disclosing Party shall advise the Discovering Party that such notice has been given within seven calendar days of giving such notice. If the third party or non party either does not respond or refuses to consent to disclosure of the requested information, the burden shall be on the Discovering Party to seek relief from the appropriate court, if it so desires. **The burden of persuasion in any such motion before this court shall be on the party or non-party opposing disclosure or discovery.**

21.    If "Confidential" or "Highly Confidential" material produced in accordance with this Order is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall immediately bring all pertinent facts related to such disclosure to the attention of the Disclosing Counsel and, without prejudice to other rights and remedies of the Disclosing Party, shall make all reasonable efforts to retrieve the material and prevent any further disclosure by it or by the person(s) who received such material.

22.    The inadvertent failure to designate documents or other material as "Confidential" or "Highly Confidential" before or at the time of disclosure shall not operate as a waiver of the Disclosing Party's right to designate said documents or other material as "Confidential" or "Highly Confidential". In the event that such documents or other material are designated "Confidential" or "Highly Confidential" after disclosure, then the Disclosing Party shall

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

1  promptly, after learning of the failure to designate, notify the Discovering Party in writing of the

2  missing designation.  The Disclosing Party shall provide properly marked replacement documents

3  or other material to the Discovering Party within ten court days after the notice.  Within ten court

4  days of receiving properly marked replacements, the Discovering Party shall confirm in writing

5  that the unmarked documents or other material were destroyed, or return the previously unmarked

6  documents or other material to the Disclosing Party.

7       23.    If the Disclosing Party inadvertently discloses information that is protected by

8  attorney-client privilege, the work-product doctrine, or any applicable privilege, the Disclosing

9  Party shall promptly, upon discovery of the disclosure, notify in writing the Discovering Party of

10  the inadvertent production, and request that the item(s) be returned.  If that request is made, no

11  one shall thereafter assert that the inadvertent disclosure waived any privilege or immunity, but a

12  party may continue to seek the production of the discovery on grounds other than waiver as a

13  result of its inadvertent disclosure in this case.  After being notified, the Discovering Party must

14  promptly return, sequester, or destroy the specified information and any copies it has and may not

15  use or disclose the information until the claim is resolved.  The Discovering Party may, within 15

16  calendar days of the privilege assertion, present the information to the Court under seal **in accordance with Civil Local Rule 79-5** for a

17  determination of the claim.  If the Discovering Party disclosed the information before being

18  notified, it must take reasonable steps to retrieve it.  The Disclosing Party must preserve the

19  information until the claim is resolved.  If the Discovering Party elects not to file a motion with

20  the Court within 15 calendar days, it shall return or destroy the inadvertently produced

21  information, and all copies and derivations thereof, within that 15 day period.  If the Discovering

22  Party does file a motion with the Court challenging the assertion of privilege, and the Court

23  upholds the privilege, the Discovering Party shall return or destroy the inadvertently produced

24  information, and all copies and derivations thereof, within five court days of the Court's order.

25  Where privileged information is to be destroyed by the Discovering Party, the Discovering Party

26  shall confirm in writing that the inadvertently produced information was destroyed, or return it to

27  the Disclosing Party, and such information shall not be used for any purpose in the litigation.

28

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

1    24.    In the event that any party or any other individual authorized under this Protective

2    Order to receive "Confidential" or "Highly Confidential" information is served with a subpoena

3    or other judicial process demanding the production or disclosure of any materials designated

4    "Confidential" or "Highly Confidential," such party or individual shall provide the Disclosing

5    Party with a copy of such subpoena or other judicial process within five (5) court days following

6    receipt thereof, so that the Disclosing Party may have an opportunity to appear and be heard on

7    whether that information need be disclosed.

8    25.    Unless counsel agrees otherwise in writing, within thirty days of the conclusion of

9    this case (i.e. within thirty days after entry of a final judgment or decision from which no further

10    appeal may be taken), with the exception noted below, each party's outside counsel of record

11    shall return to the Disclosing Counsel all documents (and copies thereof) which were designated

12    by the Disclosing Party as "Confidential" or "Highly Confidential" or destroy same, including all

13    documents or copies provided by a Discovering Party to any other person.  However, outside

14    counsel of record for each of the parties may retain one archival copy ("permitted archival copy")

15    of correspondence between counsel in this case, Court transcripts, Court exhibits, deposition

16    transcripts, deposition exhibits, discovery requests and responses, filings with the Court and

17    pleadings, and exhibits to those filings and pleadings, even though such papers may contain

18    "Confidential" or "Highly Confidential" information.  In sum, the parties are not permitted to

19    otherwise retain production documents designated by the Disclosing Party as "Confidential" or

20    "Highly Confidential" as part of the permitted archival copy.  At the conclusion of this thirty day

21    period, each party's outside counsel of record shall certify in writing to the Disclosing Counsel

22    that to his or her knowledge and belief, with the exception of the permitted archival copy, the

23    party has either returned or destroyed all "Confidential" or "Highly Confidential" information in

24    accordance with this Stipulated Protective Order.

25    26.    The provisions of this Stipulated Protective Order limiting the disclosure of

26    "Confidential" or "Highly Confidential" information shall survive the termination of this action.

27    27.    Nothing in this Stipulated Protective Order shall preclude any party hereto from

28    seeking relief from, or modifications to, this Stipulated Protective Order.

**28.    For a period of six months after the final termination of this action, this court
shall retain jurisdiction to enforce the terms of this order.**    CASE NO.  CV-07-05410 JW

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

1    **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

2    Counsel for Plaintiff Dominic Concetti:        FAIR HOUSING LAW PROJECT

3

4                                                  By:  /s/ Jessica L. Fry
                                                       Jessica L. Fry
                                                       Attorneys for Plaintiff
5

6                                                  MCDERMOTT WILL & EMERY

7

8                                                  By:  /s/ Steven L. Walker
                                                       Steven L. Walker
                                                       Attorneys for Plaintiff
9

10    Counsel for Defendant Impac:                 WOLFE & WYMAN LLP

11

12                                                 By:  /s/ Eric Thomas Lamhofer
                                                        Eric Thomas Lamhofer
                                                        Attorneys for Defendant,
13                                                      IMPAC FUNDING CORPORATION

14

15    Counsel for Defendant Flores:                LAW OFFICE OF CHARLES M. STANDARD

16

17                                                 By:  /s/ Charles M.  Standard
                                                        Charles M. Standard
                                                        Attorneys for Defendant,
18                                                      RAYMOND FLORES

19    This the 29th day of May, 2008.

20                      **(AS MODIFIED BY THE COURT),**

21    **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

22

23    DATED:    July 15, 2008

24                                                 _____
                                                   James Ware  Howard R. Lloyd
                                                   United States District/Magistrate Judge
25

26

27

28

                                  - 12 -                    CASE NO.  CV-07-05410 JW

1

## EXHIBIT A

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

3

4

5    DOMINIC CONCETTI, through his
     Guardian Ad Litem, SHARON FRASER,

6                                                    Case No.  C07-05410 JW
                Plaintiff,

7
          v.

8                                                    **STIPULATED PROTECTIVE ORDER**

9    IMPAC FUNDING CORPORATION, a
     California corporation, dba IMPAC;
     UNIVERSAL MORTGAGE AND
10   SALES, INC., a California corporation;
     RAYMOND FLORES, an individual; and
11   ERIK S. GONZALES, an individual,

12              Defendants.

13

14          **AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

15          The undersigned hereby acknowledges that he (or she) has received and read the

16   Stipulated Protective Order entered in the United States District Court for the Northern District

17   of California in connection with the above captioned lawsuit, and understands its terms and

18   agrees to be bound by each of those terms.  Specifically, and without limitation upon such terms,

19   the undersigned agrees not to use or disclose any confidential information other than in

20   accordance with the Stipulated Protective Order.  The undersigned further submits to jurisdiction

21   of this Court for purposes of the Stipulated Protective Order in this action.

22   Dated: _____    By: _____

23                                                    (signature line)

24                                             _____
                                               (type or print name of individual)
25

26                                             _____
                                               (name of employer)
     MPK 142478-2.099791.0011
27

28

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

1

# ADDENDUM TO PROTECTIVE ORDER

2
Concetti v. IMPAC Funding Corp.,
Case No. C07-05410 JW (HRL)

3

4      IT IS HEREBY ORDERED as follows:

5      DESIGNATION OF DOCUMENTS

6      Each party or non-party that designates information or items for protection under this

7  Protective Order must take care to limit any such designation to specific material that qualifies under

8  the appropriate standards.  A designating party must take care to designate for protection only those

9  parts of material, documents, items, or oral or written communications that qualify – so that other

10  portions of the material, documents, items, or communications for which protection is not warranted

11  are not swept unjustifiably within the ambit of this Order.

12      Mass or indiscriminate designations are prohibited.  Designations that are clearly shown to

13  be unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or

14  retard the case development process, or to impose unnecessary expenses and burdens on other

15  parties), expose the designating party to sanctions.

16

17

18

19

20

21

22

23

24

25

26

27

28

1    5:07-cv-5410 Notice has been electronically mailed to:

2    Kerstin Arusha kerstina@lawfoundation.org

3    Jessica Lynn Fry jessicaf@lawfoundation.org

4    Elizabeth Catherine Gianola gianola@horanlegal.com

5    Eric Thomas Lamhofer etlamhofer@wolfewyman.com

6    Charles Michael Standard cms1law@sbcglobal.net, cms1law@sbcglobal.net

7    Steven L. Walker swalker@mwe.com, awilkins@mwe.com, mcollins@mwe.com

8    Counsel are responsible for distributing copies of this document to co-counsel who have not
     registered for e-filing under the court's CM/ECF program.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28